UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES HAYES,
and
DEBERA GRANT,
on behalf of themselves and others
similarly situated,



Plaintiffs,

v.

Civil Action No. 3:14cv258

DELBERT SERVICES CORPORATION,

Defendant.

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiffs James Hayes and Debera Grant, on behalf of themselves and all others similarly situated, allege that Defendant Delbert Services Corporation, a debt collection agency, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by using a form FDCPA debt validation disclosure notice collection letter that does not disclose to the consumer the name of the creditor to whom the debt is owed, in violation of the Act's cornerstone debt validation disclosure requirements.[1] Defendant also violated the FDCPA by sending to consumers, in response to consumer disputes with respect to the debts that Delbert is attempting to collect, debt collection letters that do not contain the 15 U.S.C. § 1692e(11) notice stating that that the communication is from a debt collector.

---

[1] The rights and obligations established by 15 U.S.C. § 1692g validation of debts disclosure requirements were considered by the Senate to be a significant feature of the Act. As the Fourth Circuit has stated, "Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights. *See* S. Rep. No. 382, 95th Cong., 1st Sess. 4, 8, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702." *Miller v. Payco General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991).

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiffs James Hayes ("Mr. Hayes") and Debera Grant, formerly known as Debera Grant-Clarke, ("Ms. Grant") are natural persons who reside in Virginia and in this District and Division. Mr. Hayes and Ms. Grant are consumers within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Delbert Services Corporation ("DSC") is a collection agency, the principal purpose of whose business is the collection of debts, and maintains its corporate headquarters at 7125 Pollock Drive, Las Vegas, NV 89119.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

6. Defendant holds itself out as follows:

"Delbert Services is a debt collection agency in the broadest sense of the word,"

and that it:

"is licensed, or has the authority to perform collections in 47 states and carries full insurance and bonding protection. Delbert Services utilizes state-of-the-art technology and telecommunications resources. Its proprietary intranet based loan servicing system was designed specifically to handle all types of consumer receivables, from originations through recovery collections. With a commitment to excellence Delbert Services employs a highly knowledgeable management staff/collection group; continuous training and technology. As such, Delbert Services is making quick and large strides to becoming an industry leader. With our primary focus in financial services we have the infrastructure, equipment and people necessary to handle any size collection program.

Delbert Services tailors its services based on the unique individual needs of each partner. We provide a collection solution focused on maximizing recoveries. We design, test, implement, manage and continually evaluate our treatment strategies to ensure our client's portfolios receive optimal treatment. As credit grantors and other financial institutions continue to face the unrelenting pressures of a recessionary economy, Delbert Services Corporation is here to provide cost effective services and increased returns."

https://www.delbertservices.com/AboutUs.aspx. Last visited April 8, 2014

## FACTUAL ALLEGATIONS

7. Defendant sought to collect from Mr. Hayes an internet payday loan debt allegedly past due to a purported "Consumer Loan Trust," placed with "Consumer Loan Trust" by Western Sky Financial or Cash Call.

8. The internet payday loan debt was incurred primarily for personal, family, or household purposes, bringing the Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

9. Defendant sent Mr. Hayes a dunning letter[2] dated January 21, 2014 in an attempt to collect the alleged debt. (Attached hereto as Exhibit A.)

10. Exhibit A does not contain the name of the creditor to whom the debt is owed.

11. "Consumer Loan Trust" is not the name of an actual or identifiable creditor.

12. In response to Mr. Hayes' written dispute to Defendant with respect to the alleged debt, Defendant sent Mr. Hayes the letter attached hereto as Exhibit B.

13. Exhibit B does not disclose that the communication is from a debt collector.

14. The omission of the disclosure that the communication is from a debt collector is a violation of 15 U.S.C. § 1692e(11).

---

[2] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, *1, 2014 U.S. Dist. Lexis 30898, *3, (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 842, n.1 (E.D. Va. 2011).

15. The FDCPA "expressly prohibits this exact *omission* by requiring debt collectors to disclose their status in every communication with a consumer." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012).

16. Defendant attempted to collect on an internet payday loan debt from Ms. Grant.

17. The internet payday loan debt was incurred by Ms. Grant primarily for personal, family, or household purposes, bringing the Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

18. In response to Ms. Grant's written dispute to Defendant with respect to the alleged debt, Defendant sent Ms. Grant the letter attached hereto as Exhibit C.

19. Exhibit C does not disclose that the communication is from a debt collector.

20. The omission of the disclosure that that the communication is from a debt collector is a violation of 15 U.S.C. § 1692e(11).

21. The FDCPA "expressly prohibits this exact *omission* by requiring debt collectors to disclose their status in every communication with a consumer." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012).

## CLASS ACTION ALLEGATIONS CLASS

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Hayes brings this action for himself and on behalf of a class - the "Name of the Creditor Class" - initially defined as follows:

> (A) All Virginia residents to whom Defendant sent a letter in the form of Exhibit A, (B) which contains the 15 U.S.C. § 1692g notice of validation rights in text identical to that in Exhibit A, (C) in an attempt to collect a debt allegedly due to "Consumer Loan Trust," (D) that was incurred primarily for personal, household or family purposes, (E) during the one year period prior to the filing of the Complaint in this matter.

23. This matter is brought as a class action on behalf a second class – the "15 USC § 1692e(11) Class" - initially defined as follows:

> (A) All Virginia residents to whom Defendant sent a letter in the form of Exhibit B or C, (B) which omits the 15 U.S.C. § 1692e(11) notice, (C) in an attempt to collect a debt that was incurred primarily for personal, household or family purposes, (D) during the one year period prior to the filing of the Complaint in this matter.

24. **Numerosity.** Fed. R. Civ. P 23(a)(1) Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

25. **Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are:

A. Whether Delbert Services Corporation is a debt collector.

B. Whether Defendant's correspondence in the form of Exhibit A violated the FDCPA by failing disclose the name of the creditor to whom the debt is owed, as required by 15 U.S.C. § 1692g(a)(2).

C. Whether Defendant's correspondence in the form of Exhibit B or C violated the FDCPA by omitting the disclosure that the communication is from a debt collector, as required by 15 U.S.C. § 1692e(11).

26. **Typicality.** Fed. R. Civ. P. 23(a)(3) Plaintiffs' claims are typical of the claims of each putative class member. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

27. **Adequacy of Representation.** Fed. R. Civ. P. 23(a)(4) Plaintiffs are adequate representatives of the putative class, because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

28. **Superiority.** Fed. R. Civ. P. 23(b)(3) Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

29. **Injunctive Relief Appropriate for the Class.** FED. R. CIV. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members.

## COUNT ONE:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692g(a)(2)

30. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

31. By sending a 15 U.S.C. § 1692g debt validation notice that does not contain the name of the creditor to whom the debt is owed, Defendant failed to proved the required validation notice and in so doing violated 15 U.S.C. § 1692g and g(a)(2).

32. Plaintiff Hayes and the putative class members are therefore entitled to statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(11)

33. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

34. By omitting from Exhibit B or Exhibit C the disclosure that the communication is from a debt collector, Defendant violated 15 U.S.C. § 1692e(11).

35. Plaintiffs and the putative class members are therefore entitled to statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs James Hayes and Debera Grant request that the Court enter judgment on behalf of themselves and the class they seek to represent against Defendant Delbert Services Corporation for:

A. Certification for this matter to proceed as a class action;

B. Declaratory relief that Defendant's use of Exhibit A violates the FDCPA as alleged;

C. Declaratory relief that Defendant's use of Exhibits B and C violates the FDCPA as alleged;

D. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

E. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

F. Such other or further relief as the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
JAMES HAYES
DEBERA GRANT
By Counsel

By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

James W. Speer, VSB#23046
VIRGINIA POVERTY LAW CENTER
919 E. Main Street, Suite 610

Richmond, VA 23219
(804) 782-9430
(804) 649-0974
jay@vplc.org

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, VSB#82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
kkelly@kellyandcrandall.com
aguzzo@kellyandcrandall.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile
lenbennett@clalegal.com

Counsel for Plaintiffs