IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES HAYES et al.,
       Plaintiffs,

v.

                                             Civil Action No. 3:14-cv-258

DELBERT SERVICES CORP. et al.,
       Defendants.

## AMENDED PRETRIAL ORDER

The Court reschedules this case for trial with a jury on **December 27, 2016**, at **9:00 a.m.** Thus, the Court amends the Initial Pretrial Order dated March 16, 2016, as follows:

1. **Contact Information.** Counsel shall disclose to each other their email addresses as well as street addresses, which shall not be a post office box. Pro se litigants shall not be governed by this rule, and counsel need not disclose a street address to pro se litigants.

2. **Due dates.** Whenever a due date is imposed on a party by this Order, and the due date is a weekend or holiday, the duty shall be performed the last business day *before* the weekend or holiday.

3. **Answer.** Any party who has not done so shall file an answer within ten (10) days of the date of this Order, notwithstanding any pending dispositive motions. In extraordinary cases, the Court will modify this requirement on motion of a party.

4. **Consolidation and Severance.** By Order dated July 1, 2016, the Court consolidated two cases into this one case for all purposes: *Hayes et al. v. Delbert Services Corp. et al.* (No. 3:14-cv-258); and *White et al. v. CashCall, Inc.* (No. 3:16-cv-311). If the parties wish to challenge this consolidation, motions for severance must be filed by **September 1, 2016**.

5. **Discovery.** With the exception of discovery related to expert witnesses, all discovery shall be completed by **October 18, 2016**. Written discovery shall be served such that the responses are due by no later than **October 18, 2016**.

No party shall take more than five (5) depositions of non-party witnesses. Counsel may agree among themselves to take more than five (5) non-party depositions, or may request leave of Court to do so. For purposes of this paragraph, a deposition of a non-party entity under Fed. R. Civ. P. 30(b)(6) shall count as one deposition, even if the entity designates multiple witnesses to testify.

Counsel shall serve all discovery requests by e-mail. In addition, a hard copy shall be served. Pro se litigants, however, are not required to serve discovery by e-mail, and represented parties are not required to serve pro se litigants by e-mail.

6. **Expert Witnesses.** The parties will disclose the information required under Rule 26(a)(2) on the following schedule: Party with the burden of proof on an issue by **August 29, 2016**; opposing party by **September 28, 2016**; rebuttal expert(s) by **October 13, 2016**. Motions, by either party, challenging the designation of experts shall be filed by at least **October 28, 2016**.

Each party may call only one expert per discipline absent Court order.

7. **Settlement.** Counsel shall notify the Court immediately of any settlement. The Court will place the case on the docket for presentation of a final order within fifteen (15) calendar days of notification. If a fully executed order is received prior to the presentation date, the case will be removed from the docket and counsel need not appear. If such an order is not timely submitted, the action will be dismissed by the Court with prejudice on the basis of the representation that the action has been settled.

8. **Motions.** Motions for class certification shall be filed no later than **September 28, 2016**. Motions for summary judgment shall be filed by no later than **October 28, 2016**.

Motions in limine shall be filed so that they can be fully briefed before the final pretrial conference, at which time the Court will rule on them. If no final pretrial conference is scheduled, motions in limine shall be filed so that they mature for hearing by no later than **December 16, 2016**.

The parties may request oral argument on any motion, but it is the Court's policy, pursuant to Local Civil Rule 7(J), not to hear oral argument if a motion may be decided without an oral hearing. Local Civil Rule 7(E) is hereby abrogated insofar as it renders motions withdrawn for failure to set a hearing within thirty (30) days of filing. A party need not contact the Court to schedule a hearing if it does not, in fact, desire a hearing on its motion.

Once filed with the Clerk, one (1) courtesy copy of all pleadings and motions greater than thirty (30) pages in length shall be delivered to Chambers by the next business day.

9. **Stipulations.** Counsel shall meet or confer by telephone by no later than **November 17, 2016**, in an attempt to enter into stipulations of fact or law. Plaintiff's counsel shall file the agreed upon stipulations with the Clerk of Court by no later than **November 25, 2016**. This paragraph shall not apply to pro se litigants.

10. **Designation of Discovery.** By **November 17, 2016**, the plaintiff shall designate any discovery, including deposition excerpts, the plaintiff intends to introduce at trial. By **November 25, 2016**, the defendant shall designate any discovery the defendant intends to introduce, including "fairness" portions of deposition transcripts. The plaintiff may designate any rebuttal discovery by **December 2, 2016**.

In designating portions of depositions for use at trial, the parties must indicate the page and line numbers of excerpts.

In non-jury cases, by **December 7, 2016**, the parties should deliver to chambers summaries of deposition testimony, pursuant to the Local Rules.

Any objections to the use of designated discovery shall be filed by **December 7, 2016**, with a copy of the discovery objected to. Objections shall state the basis of the objection, and shall include a citation to the appropriate Federal Rule of Evidence, Order of this Court, or other authority.

Discovery not designated pursuant to this paragraph shall not be admitted into evidence.

Parties need not designate discovery materials used solely for impeachment or cross-examination.

11. **List of Witnesses.** By **November 17, 2016**, the plaintiff shall file a list of witnesses who may be called. By **November 25, 2016**, the defendant shall file a list of witnesses. The plaintiff shall file a list of rebuttal witnesses by **December 2, 2016**. Witnesses named in the plaintiff's initial list of witnesses need not be listed as rebuttal witnesses. All parties' witness lists must include witnesses called exclusively for impeachment or rebuttal.

Any objections to witnesses identified shall be filed with the Court by **December 7, 2016**. Objections shall state the basis of the objection and shall include a citation to the appropriate Federal Rule of Evidence, Orders of this Court, or other authority.

Any witnesses not listed pursuant to this paragraph will not be allowed to testify.

12. **List of Exhibits.** The plaintiff shall file a list of exhibits by **November 17, 2016**. The defendant shall file a list of exhibits by **November 25, 2016**. The plaintiff shall file a list of rebuttal exhibits by **December 2, 2016**. With each list, the parties will serve on opposing

counsel copies of the exhibits. The exhibits shall be numbered and, if more than ten (10) in number or more than twenty (20) total pages, bound in notebooks. The parties shall include on the respective lists all exhibits that may be offered for demonstrative purposes.

Any objections to proposed exhibits shall be filed with the Court by **December 7, 2016,** with a copy of the exhibits objected to. Objections shall state the basis of the objection, and shall include a citation to the appropriate Federal Rule of Evidence, Orders of this Court, or other authority.

Any exhibit to which no objection is made shall be deemed admitted into evidence without further action by counsel.

Any exhibit not listed pursuant to this paragraph will not be admitted into evidence.

13. **Final Pretrial Conference.** At the final pretrial conference, the Court will rule on motions in limine and objections to exhibits and witnesses. In some cases, the Court may not schedule a final pretrial conference. In those cases, the parties should call chambers to set a date to argue motions in limine.

14. **Voir Dire.** If this is a jury case, the parties shall file proposed voir dire questions by **December 22, 2016.**

15. **Jury Instructions.** If this is a jury case, each party shall file proposed instructions by **December 22, 2016.** The parties shall submit two copies, one with authority at the bottom and one without authority. The parties shall email these copies to chambers in WORD format. The parties can call chambers to obtain the appropriate email address.

16. **Proposed Findings of Fact and Conclusions of Law.** If this case is tried without a jury, the parties shall file proposed findings of fact and conclusions of law by

**December 22, 2016**. The parties shall email a copy of the proposed findings and conclusions to chambers in WORD format.

 17. **Pretrial Briefs.** The parties may file pretrial bench briefs on material issues expected to arise at trial. Pretrial briefs are encouraged by the Court. Pretrial briefs are due by **December 16, 2016**.

 18. **Copies at Trial.** Counsel shall provide the Court with four (4) copies of exhibits on the day of trial, one for the judge, one for the courtroom clerk, one for the law clerk, and one for the witness. If more than ten (10) in number or more than twenty (20) total pages, the exhibits shall be bound in a notebook. If counsel wishes to publish an exhibit to the jury, counsel shall display the exhibit electronically, provide a copy for each juror, or enlarge the exhibit so that all jurors can see it from the jury box.

 19. **Technology.** The courtroom is equipped with screens for the viewing of evidence. Monitors are located on counsel tables, on the bench, and in the jury box. The courtroom has a document viewer that displays documents on the monitors; the parties may use the document viewer. Please visit the following website for complete information on the Court's evidence presentation system and technology:

http://www.vaed.uscourts.gov/resources/Court%20Technology/evidence_presentation_systems.htm

 The courtroom is equipped to allow the parties to use personal laptop computers to aid in displaying evidence at trial. The Court does not provide computers for the use of parties. Before bringing a computer into the courthouse, counsel must request permission to do so by submitting the Request to Use the Court's Evidence Presentation System and Request for Authorization to bring in electronic device(s), which are attached to this Order. Counsel should confer with the deputy clerk to conduct a test of the courtroom technology before trial.

Counsel can no longer bring cellphones into the courthouse without a signed authorization form. No later than three (3) days before any scheduled court appearance, counsel should submit the above-referenced authorization form requesting permission to bring any cellphones or other electronic devices into the Court. While in the courthouse, telephones and calendars shall be turned off (not on silent or vibrate modes), except when in use on matters related to the case.

20. **Attorneys' Fees.** Any motion for an award of attorneys' fees will be addressed after trial, pursuant to Fed. R. Civ. P. 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and/or decisional law. In submitting a motion for an award of fees, a party must submit an affidavit or declaration itemizing time spent on the case, describing the work done, and the hourly rate of the person billing the case. In addition, a party must submit an affidavit or declaration from an expert to establish the reasonableness of the fees. Motions for attorneys' fees shall be accompanied by a brief.

/s/ John A. Gibney, Jr.
United States District Judge

Date: July 1, 2016
Richmond, VA

IF THIS CASE IS SETTLED PRIOR TO TRIAL, PLEASE CONTACT CHAMBERS AT (804) 916-2870.