**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

JAMES HAYES, et al, on behalf of themselves
and all other similarly situated individuals and
the COMMONWEALTH OF VIRGINIA, *ex
rel.* MARK R. HERRING, Attorney General

     Plaintiffs,                            Civil Action No. 3:14-cv-00258-JAG

v.

DELBERT SERVICES CORP., JOHN PAUL
REDDAM, and CASHCALL, INC.,

     Defendants.

**STIPULATION AND AGREEMENT OF SETTLEMENT**

# TABLE OF CONTENTS

Page

I.     RECITALS ...................................................................................................... 1

II.    DEFINITIONS ................................................................................................. 3

III.   TERMS OF THE SETTLEMENT ................................................................... 7

IV.    RELEASE AND DISMISSAL ....................................................................... 13

V.     NOTICE AND SETTLEMENT ADMINISTRATION .................................. 15

VI.    DISPUTE RESOLUTION…………………………………………………..17

VII.   PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS HEARING ........... 18

VIII.  FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS ................. 21

IX.    TERMINATION OF SETTLEMENT ............................................................ 22

X.     MISCELLANEOUS PROVISIONS .............................................................. 23

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement is entered into by and between Defendants Delbert Services Corporation ("Delbert"), CashCall, Inc. ("CashCall") and John Paul Reddam ("Mr. Reddam") and Plaintiffs, James Hayes, Debera Grant, Herbert White, Leslie Grainger and Donald Hill, on behalf of themselves and all other similarly situated individuals, and as representatives of the Settlement Class, as these terms are defined in Section II.  This Settlement will fully and finally resolve the litigation pending between them in the United States District Court for the Eastern District of Virginia, Civil Action No. 3:14-cv-00258-JAG.

## I.    RECITALS

The following recitals are material terms of this Settlement, and all capitalized terms are used as defined in Section II, below, except as otherwise defined herein.  This Settlement is made in contemplation of the following facts and circumstances.

WHEREAS, on April 10, 2014, Plaintiffs James Hayes and Debera Grant filed a class action complaint against Delbert; on June 27, 2014, Plaintiffs Hayes, Grant and Herbert White filed an amended class action complaint; and on May 17, 2016, Plaintiffs Hayes, Grant and White filed a second amended class action complaint, adding Mr. Reddam as a defendant;

WHEREAS, on May 26, 2016, Plaintiffs Hayes and White filed a class action complaint against CashCall in a separate action captioned *White, et al. v. CashCall, Inc.* (Civil Action No. 3:16-cv-00311-HEH), which was consolidated with this matter on July 1, 2016;

WHEREAS, on July 22, 2016, Plaintiffs Hayes, Grant, White, Leslie Grainger and Donald Hill filed a consolidated class action complaint against CashCall, Delbert and Mr. Reddam;

WHEREAS, the Action alleged various class and non-class claims for violations of various state and federal laws;

WHEREAS, Defendants deny any and all claims alleged by Plaintiffs in the Action, and further deny that any Plaintiffs or any members of the Settlement Class they purport to represent have suffered any injury or damage;

WHEREAS, the Commonwealth of Virginia, *ex rel.*, Mark R. Herring, Attorney General of the Commonwealth of Virginia ("the Commonwealth") intervened in this matter to resolve its claims against Defendants CashCall and Mr. Reddam in coordination with the resolution of Plaintiffs Hayes, Grant, White, Grainger and Hill's putative class claims;

WHEREAS, the Commonwealth has resolved its claims against Defendants CashCall and Mr. Reddam separately and therefore is not a party to this Settlement;

WHEREAS, Defendants produced in response to discovery demands in this case more than 19,000,000 pages of documents;

Whereas, Plaintiffs and Class Counsel have conducted an investigation of the legal claims at issue, by review and analysis of documents that Defendants provided in discovery, together with depositions related to the facts alleged;

WHEREAS, the Parties and the Commonwealth participated in a mediation session with Mark E. Rubin on December 1, 2016;

WHEREAS, based on the investigation and mediation session described above, Plaintiffs and Class Counsel have concluded that it would be in the best interests of the Settlement Class to enter into this Settlement in order to avoid the uncertainties of litigation and to assure benefits to the Settlement Class and that the settlement contemplated hereby is fair, reasonable, and adequate and in the best interests of all members of the Settlement Class;

WHEREAS, Defendants expressly deny all allegations of wrongdoing and liability, and have asserted numerous defenses, but nevertheless desire to settle the Action finally on the terms

2

and conditions set forth herein solely for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and to obtain the conclusive and complete dismissal of the Action and release of all Released Claims; and

WHEREAS, the Parties understand, acknowledge, and agree that the execution of this Settlement constitutes the settlement and compromise of disputed claims that have been or could be brought by or on behalf of Plaintiffs or the Settlement Class relating to the conduct at issue in the Action.  This Settlement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any party to this Settlement.

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to the District Court's approval, that each and every claim that has been alleged, or could have been alleged based on the facts alleged in this Action, whether brought by or on behalf of Plaintiffs, the Settlement Class, or portions of the Settlement Class, shall be fully and finally settled and compromised and dismissed with prejudice, and shall be fully discharged and released, upon and subject to the following terms and conditions:

## II.  **DEFINITIONS**

2.1    "Action" means the above-captioned lawsuit before the Hon. Judge John A. Gibney, Jr., in the United States District Court for the Eastern District of Virginia.

2.2    "Administrator" means Dahl Administration, as selected by the Plaintiffs and approved by Defendants and the Commonwealth, subject to approval by the District Court.

2.3    "CAFA Notice" refers to notice made pursuant to the requirements imposed by 28 U.S.C. § 1715(b).

2.4    "Cash Award" means a cash payment to an eligible Settlement Class Member with a Residual Balance Loan pursuant to Section 3.4(b).

2.5    "Class Counsel" means Leonard A. Bennett, Craig C. Marchiando, Thomas Domonoske and Elizabeth Hanes with Consumer Litigation Associates, P.C.; Kristi C. Kelly, Camille A. Crandall, and Andrew J. Guzzo with Kelly & Crandall, PLC; and Dale W. Pittman with the Law Offices of Dale W. Pittman.

2.6    "Commonwealth" means the Commonwealth of Virginia as represented by the Attorney General of Virginia, Mark R. Herring.

2.7    "Consolidated Class Action Complaint" means the complaint filed in the District court on July 22, 2016.

2.8    "Credit History Adjustment Request" means the agreement by the Defendants to contact applicable credit bureaus in the manner described in Section 3.4(a)(v) of this Settlement.

2.9    "Defendants" means Delbert, CashCall and Mr. Reddam.

2.10    "Direct Mail Notice" means the notice that will be provided pursuant to Section 5.3(a), subject to approval by the District Court, substantially in the form attached hereto as Exhibit "1".

2.11    "District Court" means the United States District Court for the Eastern District of Virginia.

2.12    "Effective Date" means the date that the Judgment becomes final for all purposes because either (i) no appeal has been filed in accordance with Fed. R. App. P. 4(a) and the time within which an appeal may be noticed and filed has lapsed; or (ii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of this Settlement.

4

2.13    "Escrow Account" means an account held at Towne Bank titled *Hayes* CashCall Settlement Fund for purposes of this Settlement, which shall be subject to supervision by the District Court.

2.14    "Final Approval Order" means the order to be entered by the District Court in the Action finally approving this Settlement and resolving all issues between the Parties, as provided for in Section VIII below.

2.15    "Final Fairness Hearing" means the hearing at which the District Court will consider and finally decide whether to approve this Settlement, enter Judgment, and make such rulings as are contemplated by this Settlement.

2.16    "Fund" means the total sum of $9,435,000 to be paid by Defendants to Settlement Class Members in connection with this Settlement, which is separate and apart from attorneys' fees and costs, service awards to Named Plaintiffs, and payments to the Commonwealth.

2.17    "Judgment" means the final judgment and order of dismissal of this Action with prejudice to be entered by the District Court.

2.18    "Mediator" means Mark E. Rubin, or any other mediator mutually agreed upon by the Parties.

2.19    "Named Plaintiffs" means James Hayes, Debera Grant, Herbert White, Leslie Grainger and Donald Hill.

2.20    "NCOA" means the National Change of Address system to provide updated address information that works directly with the United States Postal Service.

2.21    "Outstanding Loans" means those Virginia Western Sky Loans that are owned by one or more of the Defendants and have not been paid-off by a Settlement Class Member as of the Effective Date.

5

2.22    "Parties" means Defendants, Named Plaintiffs, and the Settlement Class.

2.23    "Plaintiffs" means the Named Plaintiffs individually and as representatives of the Settlement Class.

2.24    "Preliminary Approval Order" means an order to be entered by the District Court, as provided for in Section 7.1 below, substantially in the same form attached hereto as Exhibit "2".

2.25    "Released Claims" means the claims released by this Settlement as set forth in Section IV.

2.26    "Released Parties" means Delbert, CashCall, Mr. Reddam, Western Sky Financial, LLC, Martin A. ("Butch") Webb, as well as their current, former and future direct and indirect parent companies, affiliates, subsidiaries, including WS Funding, agents, representatives, successors, predecessors-in-interest, and related entities and each of their respective officers, directors, employees, and insurers and assigns and all persons acting for or on their behalf.

2.27    "Residual Balance Loan" means any Virginia Western Sky Loan made to a Settlement Class Member for which, as of the date of the Preliminary Approval Order, the loan is paid in full or total payments to Defendants exceed what would have been due had such loan been originated at a 12% interest rate.

2.28    "Settlement" means this Stipulation and Agreement of Settlement.

2.29    "Settlement Class" and "Settlement Class Member" mean, include, and refer to Named Plaintiffs and any other person and/or entity that falls within the definition of the Settlement Class, as defined in Section 3.2 below.

2.30    "Virginia Western Sky Loans" means loans made by Western Sky Financial, LLC to individuals identified as Virginia residents in Western Sky loan agreements.

## III.    TERMS OF THE SETTLEMENT

3.1 <u>Class Certification.</u>  Defendants dispute that a class would be manageable and further deny that a litigation class could be certified on the claims asserted in the Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the District Court's certification of the Settlement Class defined in Section 3.2.  No agreements made by Defendants in connection with this Settlement may be used by Plaintiffs, any Settlement Class Member, or any other person, to establish any of the elements of class certification in this or any other proceeding.  Preliminary certification of a Settlement Class shall not be deemed a concession that certification of a class is appropriate, nor are Defendants estopped from challenging class certification in further or other proceedings if this Settlement is not finally approved.

3.2 <u>Definition of the Settlement Class.</u>  Solely for the purposes of this Settlement, the Parties agree to preliminary certification of the following Settlement Class:

> All individuals who obtained a loan from Western Sky that was subsequently purchased by WS Funding and who are identified as Virginia residents in their Western Sky loan agreements.

Based on a review of its records, Defendants estimate that under this definition, the Settlement Class consists of approximately 17,046 Settlement Class Members.

Certification of the Settlement Class will be sought pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members shall have the right to exclude themselves by way of the opt-out procedure set forth in Section 7.3 of this Settlement and the Preliminary Approval Order.

3.3 <u>Identification of the Settlement Class and Eligibility for Cash Award.</u>  Settlement Class Members will be identified by Defendants based on records that they maintain, including the name, account number, and most recent address for each member of the Settlement Class.

Defendants will identify any Residual Balance Loans based on records they maintain.  Class Counsel and the Commonwealth will be permitted to review the list of Settlement Class Members and the criteria used by Defendants to identify Settlement Class Members and raise reasonable objections.

      3.4    <u>Settlement Considerations.</u>  Pursuant to this Settlement, as full and complete consideration for the Released Claims, Defendants will implement the relief set forth in Section 3.4(a) and pay the Fund described in Section 3.4(b); provided, however, that insofar as Defendants have complied with the injunctive relief set forth in any Stipulated Final Judgment and Order between Defendants and the Commonwealth that is entered in this Action prior to the Effective Date of this Settlement, or before any action described in Section 3.4(a) of this Settlement is required to be performed, Defendants shall be deemed to have complied with the relief required by Section 3.4(a) of this Settlement.  In such case, Defendants shall provide Plaintiffs with written confirmation of compliance with the injunctive relief set forth in any Stipulated Final Judgment and Order between Defendants and the Commonwealth that is entered in this Action.

      a.    <u>Prospective Relief</u>

        i.    <u>Agreement to Comply with Virginia Law.</u>  As of the Effective Date, Defendants directly or through any business or entity of which a Defendant has any management control or ownership, are permanently enjoined from charging annual interest on consumer loans made to Virginians, whether made directly from a physical location in Virginia or over the Internet, in excess of the 12% annual interest prescribed by Virginia Code § 6.2-303(A), without having met the criteria for an exception thereto pursuant to Virginia Code § 6.2-303(B) or other applicable Virginia law. As of the Effective Date, Defendants are permanently enjoined from

violating §§ 59.1-200(A)(2), (3), (5) and (14) of the Virginia Consumer Protection Act.

ii.      No Attempt to Enforce Outstanding Loans.  As of the Effective Date, Defendants shall discharge, cancel, release, forgive, and adjust to zero balance any Outstanding Loans belonging to Settlement Class Members.  Within sixty (60) days of the Effective Date, Defendants shall notify Settlement Class Members with Outstanding Loans that their loans have been discharged, canceled, released, forgiven and adjusted to zero balance.

iii.      Agreement the Virginia Western Sky Loans are Disputed Debts. The Parties agree that the Virginia Western Sky Loans are disputed debts.  If judgments were obtained, within sixty (60) days of the Effective Date, Defendants agree to notify the relevant courts that the judgments are satisfied.

iv.      List of Third Party Loans.  As of the Effective Date, Defendants agree to forbear any sale or transfer of remaining unpaid accounts.  Within forty-five (45) days of the Effective Date, Defendants shall provide Class Counsel with a list of Virginia Western Sky Loans sold to third parties and the name and address of the third party to which each such loan was sold, to the extent available.

v.      Credit History Adjustment Request.  Within forty-five (45) days of the Effective Date, Defendants shall contact applicable credit bureaus to request permanent removal of any credit reporting Defendants have made for Virginia Western Sky Loans.

vi.      Loan Data.  Within forty-five (45) days of the Effective Date, Defendants shall provide to Class Counsel a verified spreadsheet that includes the

9

following loan account details for each Virginia Borrower: (1) name; (2) last known physical address; (3) last known email address; (4) the social security number of the consumer; (5) the date of birth of the consumer; (6) phone number, if available; (7) principal amount financed/loan proceeds provided to borrower; (8) term of loan in months; (9) total aggregate dollar amount of the monthly payments of principal, interest and fees made .

    b.    <u>Monetary Consideration.</u>  In addition to the changes and consideration set forth in Section 3.4(a), Defendants will pay the Fund.

        i.    <u>Distribution.</u>  The Fund shall be distributed as follows:  To pay Cash Awards, apportioned *pro rata* to eligible Settlement Class Members.  Class Counsel intends that all of the Fund shall be available for Cash Awards payable to eligible Settlement Class Members with Residual Balance Loans.

        ii.    <u>Payments into the Fund.</u>  Subject to approval by the District Court, the Fund shall be held in the Escrow Account.  Monies will be placed into the Fund, subject to the District Court's oversight, by wire payment in two equal installments, as follows:

           1.    The first installment shall be paid within thirty (30) days of preliminary approval of class action settlement by the District Court.

           2.    The second installment shall be paid within forty-five (45) days of the Effective Date.

           3.    There shall be no reverter of any monies paid into the Fund. Defendants shall be jointly and severally liable for payments into the Fund.

iii.      Payment of Cash Awards.  The *pro rata* payment of Cash Awards shall be distributed to eligible Settlement Class Members with Residual Balance Loans, pursuant to a plan of allocation determined by Class Counsel, agreed to by Defendants, and as approved by the District Court.  Eligible Settlement Class Members shall not be required to complete claim forms in order to obtain payment. Cash Awards shall be paid within 60 days after the Effective Date by check mailed to the Settlement Class Member at the most recent address shown in Defendants' electronic record or to any later forwarding address provided by the Settlement Class Member to the Administrator.  The Administrator shall also work with the Commonwealth to locate individual Settlement Class Members as needed for reissuance of undelivered and uncashed payment checks.

iv.      Second Distribution.  After sixty (60) days from the date of mailing, each Cash Award check shall become void.   One hundred and twenty (120) days after the initial check mailing, the Settlement Administrator shall distribute the remaining Settlement Fund *pro rata*, by mailing an additional check to each Settlement Class Member who cashed his or her initial distribution check.

v.      Weekly Reports Regarding Distribution of Settlement Fund.  The Administrator will provide weekly reports to Class Counsel, the Commonwealth and counsel for Defendants on the distribution of the Fund until such time as the Fund is fully paid to eligible recipients and depleted or distributed as set forth in this Section 3.4(b) and Section 5.3(d), *infra*.  So that the Commonwealth may undertake efforts to locate updated addresses, the Administrator shall include in

11

these reports information concerning any checks that are returned as undeliverable for an insufficient address (with lack of a forwarding address).

      vi.    <u>Credit for Advances on Behalf of Settlement Fund.</u>  Advances by Defendants of any notice and administration costs or expenses paid directly to the Administrator prior to ten (10) days after the Effective Date are to be treated as contributions to Class Counsel as set forth in Section 3.6 and shall be credited in their entirety (100%) towards Defendants' obligation to pay Class Counsel as set forth in that Section.

3.5    <u>Named Plaintiffs' Service Awards.</u>  Plaintiffs will apply to the District Court for Named Plaintiff service payments in the total amount of no more than $5,000 to each of the Named Plaintiffs, for a cumulative maximum total of $25,000.  Defendants will not oppose such motion. The Named Plaintiff service awards will be paid separate and above the Fund in an amount approved by the District Court.  Any amount up to $25,000 not approved by the Court shall be paid into and become part of the Fund.   Any amount approved by the Court that is greater than $25,000 shall not be paid.

3.6    <u>Attorneys' Fees and Costs.</u>  Plaintiffs will apply to the District Court at least fourteen (14) days prior to the date the Court schedules the Final Fairness Hearing for an award of attorneys' fees and reimbursement of litigation and notice and administration costs. Such attorneys' fees and costs will be paid separate from the Fund in an amount not to exceed $2,375,000.00 and as approved by the District Court.  Any amount up to $2,375,000 not approved by the Court shall be paid into and become part of the Fund.  Any amount approved by the Court that is greater than $2,375,000.00 shall not be paid.

3.7     <u>Costs and Notice and Administration.</u>   All costs of Notice and Administration are to be paid by Class Counsel.  Under no circumstances will Defendants be responsible to pay additional costs of notice and administration beyond or separate from the amount paid to Class Counsel.

3.8     <u>Total Payments by Defendants.</u>  In no event shall Defendants be required to pay any more than $11,935,000 pursuant to this Settlement, inclusive of (i) the amount of the Fund as monetary consideration to the Settlement Class;; (ii) Class Counsel's attorneys' fees and/or litigation costs, including notice and administration costs and expenses; (iii) Named Plaintiff service awards; (iv) payments to the Commonwealth; and (v) any other fees or costs associated with this Settlement.

## IV.   **RELEASE AND DISMISSAL**

4.1     <u>Release.</u>  As of the Effective Date of this Settlement, Plaintiffs and each member of the Settlement Class shall be deemed to have fully, finally and forever released and discharged the Released Parties from any and all claims, grievances, suits and causes of action relating to the conduct alleged by the Named Plaintiffs in the Consolidated Class Action Complaint in this Action and any other conduct relating to Virginia Western Sky Loans, whether arising in contract, tort, statute, common law, criminal law, or any other theory of action, whether arising in law or equity, whether known or unknown, choate or inchoate, matured or un-matured, contingent or fixed, liquidated or unliquidated, accrued or un-accrued, asserted or un-asserted, based upon any fact, whether known or unknown, that happened prior to the Effective Date, all, collectively, the "Released Claims."  Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective.

13

This paragraph constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights, and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law, which provide:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

4.2     <u>Scope of Release.</u>  The Release in Section 4.1 shall apply to Named Plaintiffs and all Settlement Class Members as of the Effective Date of this Settlement.  Any Settlement Class Members who do not wish to be subject to this Release shall have the right to exclude themselves by way of the general opt-out procedures set forth in Section 7.3 of this Settlement and the Preliminary Approval Order.

4.3     <u>Covenant Not to Sue.</u>  Plaintiffs and each Settlement Class Member who does not opt out by way of the general opt-out procedures set forth in Section 7.3 of this Settlement, agree and covenant not to sue any Released Party with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.  However,

nothing herein is intended to restrict any Settlement Class Member from contacting, assisting, or cooperating with any government agency.

4.4     Dismissal.  Upon entry of the Final Approval Order, the Parties shall take all actions necessary to cause entry of Judgment.

## V.     NOTICE AND SETTLEMENT ADMINISTRATION

5.1     Independent Administrator.   Subject to approval by the District Court, the Settlement notice and distribution process will be administered by the Administrator.  Defendants will reasonably cooperate in the notice and administration process by providing the Administrator, on a confidential basis, with access to the names, mailing addresses, and email addresses for persons in the Settlement Class (as reflected in reasonably available computerized account records of the Defendants) to the extent required to administer the Settlement.

5.2     Costs of Notice and Administration.  The costs of notice and administration shall be paid by Class Counsel.

5.3     Class Notice.  Direct Mail Notice consistent with the due process requirements of Fed. R. Civ. P. 23 shall be provided within thirty (30) days following entry of the Preliminary Approval Order, as follows:

a.     Direct Mail Notice, substantially in the same form attached hereto as Exhibit 1 that is approved by the District Court, will be mailed, via first class mail and electronic mail, to Settlement Class Members within thirty (30) days after the date of entry of the Preliminary Approval Order at the most recent address shown in Defendants' electronic records, as maintained in the ordinary course of business, for the loan at issue. Mailing addresses will be run once through the NCOA system, or any other postal address verification database that the Administrator deems proper, prior to mailing.  Returned

15

Notices will be re-mailed if they are returned with a postmark date within twenty (20) days of the postmark date of the Direct Mail Notice and contain a forwarding address. Defendants shall have no responsibility with respect to Direct Mail Notices that are returned undeliverable.

      b.      The Administrator will establish and maintain an Internet site in conjunction with the Commonwealth, on which will be posted the Direct Mail Notice as well as the Consolidated Class Action Complaint, this Settlement, any motions and memoranda seeking approval of this Settlement, approval of attorneys' fees and costs, or approval of Named Plaintiffs' service payments, any orders of the District Court relating to this Settlement, and any other information the Parties and/or the Commonwealth believe necessary and appropriate. The Direct Mail Notice shall direct recipients to the location of the Internet site. The website shall become active within five (5) days after the District Court's entry of the Preliminary Approval Order and shall remain active until at least the date of the Final Fairness Hearing. Class Counsel Defendants and the Commonwealth shall have the right to audit the work of the Claims Administrator at any time.

      c.      Settlement Class Members shall receive a Cash Award on a *pro rata* basis for each extension of credit that is a Residual Balance Loan. Settlement Class Members shall not be required to submit a claim form to obtain a Cash Award.

      d.      If any residual funds remain in the Fund after distribution according to Section 3.4(b), because eligible Settlement Class Members with Residual Balance Loans do not timely negotiate their settlement checks or because the Fund is not otherwise fully expended at the time the last issued or reissued check becomes void, then such residual

16

funds shall be disbursed as determined by Class Counsel and approved by the District Court pursuant to the *cy pres* doctrine.

       e.     Defendants, working with the Administrator, shall ensure compliance with the notice provisions of the Class Action Fairness Act ("CAFA"), and approval dates will be set in accord with CAFA. The Administrator, at Defendants' direction and expense, will mail the CAFA Notice.

5.4    <u>Certification to the District Court.</u> No later than fourteen (14) days before the Final Fairness Hearing, the Administrator and/or its designees shall provide a declaration with the District Court verifying that Direct Mail Notice has been provided to the Settlement Class in accordance with this Settlement and the District Court's Preliminary Approval Order.

## VI.   **DISPUTE RESOLUTION**

6.1    <u>Dispute Resolution.</u> The Parties agree to meet and confer in good faith in regard to any dispute relating to this Settlement or to administration of this Settlement. Any dispute that cannot be resolved by the Parties shall be submitted, not earlier than thirty (30) days after written notice of the dispute was first given, to the Mediator for his written recommendation as to a resolution. In the event any Party disagrees with the written recommendation, the Party must file a motion in the Action to address the issue within ten (10) days of receiving the recommendation.

## VII.   **PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS HEARING**

7.1    <u>Preliminary Approval Order.</u> Class Counsel will seek the District Court's approval of this Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 2. The Parties shall cooperate in presenting such papers to the District Court by January 20, 2017, more than a week in advance of the January 30, 2017 preliminary approval hearing. In the event the parties

are not able in good faith to meet this deadline, the Parties will jointly move in the Action for a continuance of the preliminary approval hearing and, in turn, the date by which Plaintiffs shall file the Motion for Preliminary Approval.

7.2   <u>Denial of Preliminary Approval Order.</u>   This Settlement shall terminate and be of no further force or effect without any further action by the Parties if (i) the District Court determines not to enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit 2;  and (ii) the Parties do not agree to changes required by the District Court for entry of the Preliminary Approval Order or are unable or do not agree to obtain reconsideration and reversal or appellate review and reversal of any adverse decision by the District Court.  In such an event, nothing in this Settlement or filed in connection with seeking entry of this Preliminary Approval Order shall be construed as an admission or concession of any fault, wrongdoing, or liability of any kind, nor are Defendants estopped from challenging any of the allegations in further proceedings in the Action or any other action.

7.3   <u>Opt-Out/Requests for Exclusion from Settlement.</u>

a.   <u>Requests for Exclusion.</u>   Prospective Settlement Class Members shall be given the opportunity to opt out of the Settlement Class.  All requests by Settlement Class Members to be excluded must be in writing and mailed to the Administrator, postmarked no later than ninety (90) days after entry of the Preliminary Approval Order.   An appropriate written request for exclusion must be personally signed by the Settlement Class Member and must include: (i) the name of this Action; (ii) the Settlement Class Member's name, address and telephone number; and (iii) the following statement: "I request to be excluded from the class settlement in this case."   No Settlement Class Member, or any

person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

      b.    <u>Delivery to Parties/Filing with District Court.</u>  The Administrator shall provide copies of the original requests for exclusion to the Parties by no later than fifteen (15) days after the opt-out deadline.  Not later than ten (10) days before the Final Fairness Hearing, the Administrator shall file with the District Court a declaration that lists all of the opt-outs received.

      c.    <u>Effect.</u>  All prospective Settlement Class Members who timely exclude themselves from the Settlement Class will not be eligible to receive any consideration pursuant to this Settlement and will not be bound by any further orders or judgment in this Action with respect to damages, and will preserve their ability to independently pursue any individual claims for damages they may have against Defendants.  In the event of ambiguity as to whether a Settlement Class Member has requested to be excluded, the Settlement Class Member shall be deemed not to have requested exclusion.

      d.    <u>Right to Withdraw for Excessive Opt-Outs.</u>  If the number of Settlement Class Members who request exclusion exceeds 5% of the Settlement Class, Defendants may terminate this Settlement in their sole discretion and the Parties shall be returned to the *status quo ante* as of the time that the Plaintiffs initiated the Action for all litigation purposes, as if no settlement has been negotiated or entered into.  If Defendants exercise this right to declare this Settlement void, they shall provide Class Counsel with written notice of this election no later than twenty (20) days after the opt-out deadline.

7.4    <u>Objections to Settlement.</u>

a.      Right to Object.   Any Settlement Class Member who has not previously opted out as provided in Section 7.3 may appear at the Final Fairness Hearing to argue that the proposed settlement should not be approved, to oppose the application of Class Counsel for an award of attorneys' fees and costs, and/or to oppose the service awards to Named Plaintiffs.   Any Settlement Class Member who wishes to object to the Settlement must file a written objection with the District Court no later than the date specified by subsection (b) of this section.   Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

b.      Deadline.   Any such objection must be submitted by mail to the District Court in a writing postmarked no later than sixty (60) days after entry of the Preliminary Approval Order.   Copies of all objections must also be mailed to each of the following, postmarked by the last day to file the objection:   Class Counsel: Leonard A. Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Suite 1A, Newport News, Virginia 23601, and counsel for Defendants: Joseph L. Barloon, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, N.W., Washington, D.C. 20005.

c.      Content of Objections.   All objections must include: (i) the name of this Action; (ii) the objector's name, address and telephone number; (iii) the account number(s) of the extension of credit; (iv) a sentence confirming that he or she is a Settlement Class Member; (v) any factual basis and legal grounds for the objection to the Settlement; and (vi) a list of any prior cases in which the objector or the objector's counsel have objected to a class settlement. Counsel representing an objecting Settlement Class Member must enter an appearance in this Action.

20

d.      The right to object to the Settlement must be exercised individually by a Settlement Class Member or through his or her attorney, and not as a member of a group, class or subclass.

## VIII.   **FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS**

8.1      <u>Final Approval Order.</u>  On a date to be set by the District Court, Plaintiffs will petition the District Court to enter the Final Approval Order and Judgment in this Action.  The Final Approval Order that the Parties propose to the District Court will provide:

a.      That the Action, for purposes of this Settlement, may be maintained as a Virginia class action on behalf of the Settlement Class;

b.      That Plaintiffs fairly and adequately represent the interests of the Settlement Class;

c.      That Class Counsel adequately represent Plaintiffs and the Settlement Class;

d.      That the Direct Mail Notice satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws;

e.      That the Settlement is fair, reasonable and adequate to the Settlement Class and that each Settlement Class Member shall be bound by the Settlement, including the releases contained in Section IV above;

f.      That the Settlement represents a fair resolution of all claims asserted on behalf of the Settlement Class and fully and finally resolves all such claims;

g.      That this Settlement should be, and is, approved;

h.      The amount of attorneys' fees, costs and Named Plaintiff service awards;

i.      Confirmation of the opt outs from the Settlement;

21

j.      Overruling of objections, if any;

k.      Dismissal, on the merits and with prejudice, of all claims and an injunction prohibiting all Settlement Class Members or their representatives or privies from bringing, joining, or continuing to prosecute against the Released Parties any Released Claims and entering judgment thereon; and

l.      Retention of jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## IX.   **TERMINATION OF SETTLEMENT**

9.1   <u>Non-Approval of Settlement.</u>  This Settlement shall terminate and be of no further force or effect without any further action by the Parties if (i) the District Court determines not to enter the Final Approval Order or determines not to enter Judgment; and (ii) the Parties do not agree to any changes to this Settlement required by the District Court for entry of the Final Approval Order and Judgment or are unable or do not agree to obtain reconsideration and reversal or appellate review and reversal of any adverse decision by the District Court.  Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of the date that the Plaintiffs initiated the Action and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class. Likewise, in the event that this Settlement is approved without material modification by the District Court, but is later reversed or vacated on appeal, each of the Parties shall have the right to withdraw from this Settlement and return to the *status quo ante* as of the date that the Plaintiffs initiated the Action for all litigation purposes, as if no agreement had been negotiated or entered into, and shall

22

not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class.

## X.    **MISCELLANEOUS PROVISIONS**

10.1    <u>Further Assurance.</u>  Each of the Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement.

10.2    <u>No Admission of Liability.</u>  It is expressly recognized and accepted by the Plaintiffs that the Released Parties deny any liability and are settling solely to avoid the cost and inconvenience of litigation.

10.3    <u>Evidentiary Preclusion.</u>    Neither this Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  In addition, except for purposes of demonstrating the validity of this Settlement or its terms, neither the fact of, nor any documents relating to, any Defendant's withdrawal from the Settlement, any failure of the District Court to approve the Settlement, and/or objections or interventions may be used as evidence for any purpose whatsoever.  The Released Parties may file this Settlement and/or Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    Entire Agreement.  This Settlement constitutes the entire agreement between and among the parties with respect to the settlement of the Action.  This Settlement supersedes all prior negotiations and agreements.  The Parties, and each of them, represent and warrant that no other party or any agent or attorney of any of the Parties has made any promise, representation, or warranty whatsoever not contained in this Settlement and the other documents referred to in this Settlement to induce them to execute the same.  The Parties, and each of them, represent and warrant that they have not executed this Settlement or the other documents referred to in this Settlement in reliance on any promise, representation or warranty not contained in this Settlement and the other documents referred to in this Settlement.

10.5    Confidentiality.  Subject to order of the District Court, any and all drafts of this Settlement and other settlement documents relating to the negotiations between the Parties will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary and/or final court approval.  This provision will not prohibit the Parties from submitting this Settlement to the District Court in order to obtain preliminary and/or final approval of the settlement.  Furthermore, subject to order of the District Court, any and all discovery materials in this case shall remain confidential and shall not be disclosed or duplicated.

10.6    Successors and Assigns.  This Settlement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties.

10.7    Competency of the Parties.  The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Settlement, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel of their choice, that they are fully aware of the contents and effect of this

settlement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

10.8   Authority.   The persons signing this Settlement on behalf of Defendants warrant and represent that they are authorized to sign on the respective Defendant's behalf.   Each of the Plaintiffs has personally signed this Settlement.

10.9   Modification.   No modification of or amendment to this Settlement shall be valid unless it is in writing and signed by all Parties hereto or agreed to on the record in the District Court.

10.10   Construction.   Each of the Parties has cooperated in the drafting and preparation of this Settlement.   Hence, in any construction to be made of this Settlement, the Settlement shall not be construed against any of the Parties.   Before declaring any provision of this Settlement invalid, the District Court shall first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Settlement valid and enforceable.   After applying this rule of construction and still finding a provision invalid, the District Court shall thereupon interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision.   The invalidity of any one provision shall not render this Settlement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Settlement after application of the rules of construction set forth in this paragraph.

10.11   No Waiver.   The failure of any of the Parties to enforce at any time any provision of this Settlement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Settlement or any part hereof, or the right of any of the

Parties thereafter to enforce that provision or each and every other provision.  No waiver of any breach of this Settlement shall constitute or be deemed a waiver of any other breach.

10.12   Governing Law.  This Settlement shall be governed by, construed, and enforced in accordance with the laws of the Commonwealth of Virginia.

10.13   Notices/Communications.   All   requests,   demands,   claims,   and   other communications hereunder shall: (a) be in writing; (b) delivered by U.S. mail and electronic mail; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

If to Plaintiffs or the Settlement Class:

Leonard A. Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601


If to Defendants:

Joseph L. Barloon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005

Each of the Parties may change the address to which requests, demands, claims or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

10.14   Counterparts.  This Settlement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on each of the Parties that executed it, provided, however, that none of the Parties shall be bound unless and until all Parties have executed this Settlement.  For convenience, the several signature pages may be collected and annexed to one or more documents to form a

complete counterpart.   Photocopies of executed copies of this Settlement may be treated as originals.

      10.15   <u>Cooperation.</u>   The Parties, and their respective counsel, agree to cooperate with each other and do all things reasonably necessary to obtain preliminary approval of the Settlement; to obtain final approval of the Settlement; to protect and support the Settlement if an appeal is taken or any other form of judicial review is sought; and to otherwise ensure that a fully effective final approval of the Settlement occurs.

<u>Agreed and accepted:</u>

Dated:       January _____, 2017

                                            _____
                                            James Hayes

Dated:       January _____, 2017

                                              _____
                                            Debera Grant

Dated:       January _____, 2017

                                              _____
                                            Herbert White

Dated:       January _____, 2017

                                              _____
                                            Leslie Grainger

Dated:       January _____, 2017

                                              _____
                                            Donald Hill

<u>Approved as to form and content:</u>

Dated:       January *20*, 2017             CONSUMER LITIGATION
                                              ASSOCIATES, P.C.

                                            By_____
                                                 Leonard A. Bennett

                                              Attorney for Plaintiffs

<u>Approved as to form and content:</u>

Dated:       January *20*, 2017             SKADDEN, ARPS, SLATE,
                                              MEAGHER & FLOM LLP

                                            By_____
                                                 Gregory M. Luce
                                              Thomas J. Nolan
                                              Joseph L. Barloon

                                            Attorneys for Defendants

Agreed and accepted:

    Dated:        January _____, 2017            _____
                                                                James Hayes

    Dated:        January _____, 2017            _____
                                                                Debera Grant

    Dated:        January _____, 2017            _____
                                                                Herbert White

    Dated:        January _____, 2017            _____
                                                                Leslie Grainger

    Dated:        January 20 , 2017            _____
                                                                Donald Hill

Approved as to form and content:

    Dated:        January _____, 2017            CONSUMER LITIGATION
                                                                 ASSOCIATES, P.C.

                                                                By_____
                                                                     Leonard A. Bennett

                                                                 Attorney for Plaintiffs

Approved as to form and content:

    Dated:        January _____, 2017            SKADDEN, ARPS, SLATE,
                                                                 MEAGHER & FLOM LLP

                                                                 By_____
                                                                     Gregory M. Luce
                                                                     Thomas J. Nolan
                                                                     Joseph L. Barloon

                                                                 Attorneys for Defendants

28

<u>Agreed and accepted:</u>

      Dated:        January \_\_\_\_, 2017

                                                        James Hayes

      Dated:        January _19_, 2017

                                                        Debera Grant

      Dated:        January \_\_\_\_, 2017

                                                        Herbert White

      Dated:        January \_\_\_\_, 2017

                                                        Leslie Grainger

      Dated:        January \_\_\_\_, 2017

                                                        Donald Hill

<u>Approved as to form and content:</u>

      Dated:        January \_\_\_\_, 2017

                                                         CONSUMER LITIGATION
ASSOCIATES, P.C.

By_____
     Leonard A. Bennett

     Attorney for Plaintiffs

<u>Approved as to form and content:</u>

      Dated:        January \_\_\_\_, 2017

                                                         SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By_____
     Gregory M. Luce
     Thomas J. Nolan
     Joseph L. Barloon

     Attorneys for Defendants

Agreed and accepted:

     Dated:     January _____, 2017

                                                          James Hayes

     Dated:     January _____, 2017

                                                          Debera Grant

     Dated:     January _____, 2017

                                                          Herbert White

     Dated:     January _____, 2017

                                                          Leslie Grainger

     Dated:     January _____, 2017

                                                           Donald Hill

Approved as to form and content:

     Dated:     January _____, 2017         CONSUMER LITIGATION
                                                           ASSOCIATES, P.C.

                                                          By_____
                                                              Leonard A. Bennett

                                                              Attorney for Plaintiffs

Approved as to form and content:

     Dated:     January _____, 2017         SKADDEN, ARPS, SLATE,
                                                           MEAGHER & FLOM LLP

                                                          By_____
                                                              Gregory M. Luce
                                                               Thomas J. Nolan
                                                              Joseph L. Barloon

                                                              Attorneys for Defendants

Agreed and accepted:

    Dated:        January _____, 2017

                                              James Hayes

    Dated:        January _____, 2017

                                              Debera Grant

    Dated:        January _____, 2017

                                              Herbert White

    Dated:        January 20, 2017

                                              Leslie Grainger

    Dated:        January _____, 2017

                                              Donald Hill

Approved as to form and content:

    Dated:        January _____, 2017        CONSUMER LITIGATION
                                              ASSOCIATES, P.C.

                                            By_____
                                                Leonard A. Bennett

                                            Attorney for Plaintiffs

Approved as to form and content:

    Dated:        January _____, 2017        SKADDEN, ARPS, SLATE,
                                              MEAGHER & FLOM LLP

                                            By_____
                                                Gregory M. Luce
                                              Thomas J. Nolan
                                            Joseph L. Barloon

                                            Attorneys for Defendants

Agreed and accepted:

    Dated:    January 18, 2017              _____
                                             James Hayes

    Dated:    January ____, 2017          _____
                                             Debera Grant

    Dated:    January ____, 2017          _____
                                           Herbert White

    Dated:    January ____, 2017          _____
                                           Leslie Grainger

    Dated:    January ____, 2017          _____
                                           Donald Hill

Approved as to form and content:

    Dated:    January ____, 2017          CONSUMER LITIGATION
                                           ASSOCIATES, P.C.

                                         By_____
                                             Leonard A. Bennett

                                           Attorney for Plaintiffs

Approved as to form and content:

    Dated:    January ____, 2017          SKADDEN, ARPS, SLATE,
                                           MEAGHER & FLOM LLP

                                         By_____
                                           Gregory M. Luce
                                         Thomas J. Nolan
                                         Joseph L. Barloon

                                         Attorneys for Defendants

EXHIBIT 1

*A FEDERAL COURT ORDERED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| JAMES HAYES, et al, on behalf of themselves and all other similarly situated individuals and the COMMONWEALTH OF VIRGINIA, *ex rel.* MARK R. HERRING, Attorney General,<br><br>        Plaintiffs,<br><br>v.<br><br>Delbert Services Corp., John Paul Reddam, and CashCall, Inc.,<br><br>        Defendants. | Civil Action No. 3:14cv258 (JAG) |

### NOTICE OF CLASS ACTION SETTLEMENT

**IF YOU OBTAINED A LOAN FROM WESTERN SKY AND IDENTIFIED YOURSELF AS A VIRGINIA RESIDENT IN YOUR WESTERN SKY LOAN AGREEMENT, YOU MAY BE ENTITLED TO LOAN FORGIVENESS AND A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT**.

A settlement has been proposed in a class action lawsuit brought under federal and state law against Delbert Services Corp., John Paul Reddam, and CashCall, Inc. ("**Delbert**" or the "**Defendants**") on behalf of all natural persons who obtained a loan from Western Sky, which was subsequently purchased by WS Funding, and who identified themselves as Virginia residents in their Western Sky loan agreements.

The Virginia Attorney General's Office has intervened in this action on behalf of the Commonwealth of Virginia.

In this action, it was alleged that Western Sky loans were made at annual interest rates greater than 12%, the maximum rate permitted under Virginia law absent an exception. The lawsuit alleges that Defendants violated Virginia's usury laws and related state and federal laws in making and in collecting these loans.

Defendants will pay a total of $11,935,000 under the settlement, forgive outstanding debt that they currently own, and cease any lending, servicing and debt collection relating to your Western Sky loans to fully settle and release claims of Virginia residents who obtained Western Sky loans. The details of this Settlement are set forth in detail below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **IF YOU DO NOTHING** | You will remain a member of the Settlement Class and eligible for benefits, including any cash payments. However, you give up rights to ever sue the Defendants about the legal claims in this Lawsuit. |
| **IF YOU EXCLUDE YOURSELF** | You can opt out of the Settlement and you will not be eligible for any benefits, including any cash payments that you may be eligible for. This is the only option that allows you to be part of another lawsuit against the Defendants involving the claims in this Lawsuit. |
| **IF YOU OBJECT** | If you do not exclude yourself, you may write to the Court about why you don't like the Settlement. |

The complete terms of the proposed Settlement are set forth in a formal Settlement Agreement, which is on file with the Court and available on the website **www.VirginiaCashCallSettlement.com**. This Notice is only a summary of the Settlement, and in case of any conflict between this Notice and the Settlement, the terms of the Settlement will control.

## 1.   WHAT IS THIS LAWSUIT ABOUT?

James Hayes, Debera Grant, Herbert White, Leslie Grainger and Donald Hill (the **"Plaintiffs" or "Class Representatives"**) claim that the Defendants violated federal and Virginia law by making and collecting loans to Virginians with annual interests in excess of the 12% annual interest prescribed by Virginia law, and without meeting the criteria for an exception to this law. Plaintiffs alleged that Defendants violated that law, as well as other state and federal laws related to the servicing and collection of those loans.

The Virginia Attorney General's Office intervened in this action on behalf of the Commonwealth of Virginia.

Defendants vigorously deny these allegations, deny any wrongdoing, and assert that the loans are legal. Defendants assert that Western Sky was the real lender for the loans, and that Virginia law does not apply to these loans.

## 2.   HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

You are a member of the Settlement Class and are affected by the settlement if you obtained a loan(s) from Western Sky that was subsequently purchased by WS Funding, and identified yourself as a Virginia resident in your Western Sky loan agreement(s).

If you fall within the Settlement Class definition above, you will be a Settlement Class Member unless you exclude yourself from the Settlement Class.

## 3.   WHAT DOES THE SETTLEMENT PROVIDE?

The Defendants have agreed to take certain steps regarding Western Sky loan(s) that will benefit Settlement Class Members, pay Settlement Class Members, and stop engaging in certain conduct.

1. **Defendants will discharge, cancel, release, forgive, and adjust to zero balance any outstanding loans belonging to Settlement Class Members that Defendants currently own**.  If a judgment was obtained from a court in reference to a loan belonging to a Settlement Class Member, Defendants will notify the court that the judgment is satisfied.  Defendants will also contact applicable credit bureaus to request removal of any credit reporting Defendants have made for Virginia Western Sky Loans.

2. Defendants will pay $9,435,000 for the benefit of the Settlement Class, which funds will be used to make the payments to Settlement Class Members.

**If the Court approves the Settlement, a check for your portion of the Settlement Fund (approximately 40% of all interest paid over 12%), if you qualify, will be mailed to you automatically and without you having to do anything. If you did not make any payments on your Western Sky loan or if you did not make payments sufficient to repay the principal loan amount plus interest greater than at a rate of 12%, then you will not receive a cash payment.  You will still receive all other benefits of this Settlement.**

3. Defendants have agreed to stop charging annual interest on consumer loans made to Virginians, either directly from a physical location in Virginia or over the Internet, with interest rates in excess of 12% The Defendants have also agreed not to sell or transfer any remaining unpaid accounts to any third party, and will provide information regarding any previously sold accounts to Class Counsel.

**4.   WHAT DO I HAVE TO DO TO RECEIVE MY PAYMENT?**

Nothing. ***If you are entitled to a cash payment***, the Settlement Administrator will mail you a check automatically approximately 60 days after the Court grants final approval to the Settlement and any appeals are resolved. The Administrator will mail the check to the same address as this Notice, so please update your address if you move. You can contact Class Counsel at the telephone number or address below if your address has changed.

**5.   WHAT AM I GIVING UP TO GET A BENEFIT AND STAY IN THE SETTLEMENT CLASS?**

Unless you exclude yourself, you are a member of the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit concerning the claims relating to your Western Sky loan(s). The Released Parties are: Delbert, CashCall, Inc., Mr. Reddam, Western Sky Financial, LLC, Martin A. ("Butch") Webb, as well as their current, former and future direct and indirect parent companies, affiliates, subsidiaries, including WS Funding, agents, representatives, successors, predecessors-in-interest, and related entities and each of their respective officers, directors, employees, and insurers and assigns and all persons acting for or on their behalf.

Staying in the Class means that you will have the right to all of the benefits, including a cash payment if you are eligible, and will also mean that you release all claims against the Released Parties arising out of or relating in any way to your Western Sky loan(s), regardless of whether such claim is known or unknown, asserted or as yet un-asserted. Staying in the Class also means that all of the Court's orders will apply to you and legally bind you.

**6.   HOW DO I EXCLUDE MYSELF FROM PARTICIPATION IN THE SETTLEMENT?**

To be excluded, you must send an "Exclusion Request" by mail, stating that you want to be excluded from "*Hayes v. Delbert Services Corp.*" You must include your name, address, and telephone number. You must also include the following statement: "I request to be excluded from the class settlement in this case," and sign your letter You must mail your Exclusion Request such that it is **postmarked** on or before _____, 2017, to Virginia CashCall Settlement Class Action Administrator, c/o Dahl Administration, P. O. Box #### Minneapolis, MN 55403-0614.

**7.   HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?**

If you are a Settlement Class Member, you can object to the Settlement if you do not think any part of the Settlement is fair, reasonable, or adequate. You can and should explain the detailed reasons why you think that the Court should not approve the Settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the Settlement in *Hayes v. Delbert Services Corp* to:.

| **COURT** | **CLASS COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| Clerk of the Court | Leonard A. Bennett | Joseph L. Barloon |
| United States District Court | **CONSUMER LITIGATION** | **SKADDEN, ARPS, SLATE,** |
| 701 East Broad Street | **ASSOCIATES, P.C.** | **MEAGHER & FLOM LLP** |
| Richmond, VA 23219 | 763 J. Clyde Morris Blvd 1A | 1440 New York Ave., N.W. |
| | Newport News, VA 23601 | Washington, D.C. 20005. |

All objections must include: (i) the name of this Action; (ii) the objector's name, address and telephone number; (iii) the account number(s) of the extension of credit; (iv) a sentence confirming that he or she is a Settlement Class Member; (v) the factual basis and legal grounds for the objection to the Settlement; and (vi) a list of any prior cases in which the objector or the objector's counsel have objected to a class settlement. Counsel representing an objecting Settlement Class Member must enter an appearance in this Action.

**Objections must be filed and served so that they are received no later than _____, 2017.**

## 8.    WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you remain in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object to this Settlement because the case no longer affects you.

## 9.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

**The Court will hold a hearing to decide whether to approve the settlement.  You may attend the hearing and you may ask to speak, but you do not have to.**

The Court will hold a fairness hearing on _____ at _____ o'clock a.m. in the courtroom of Judge John A. Gibney, Jr. of the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.

## 10.    DO I HAVE A LAWYER IN THE CASE?

Yes.  The Plaintiffs retained **Leonard A. Bennett, Craig C. Marchiando, Thomas Domonoske, and Elizabeth W. Hanes** of Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd 1A, Newport News, VA 23601; **Kristi C. Kelly, Camille A. Crandall, and Andrew J. Guzzo** of Kelly & Crandall, P.L.C., 4084 University Dr., Suite 202A, Fairfax, VA, 22030; and **Dale W. Pittman** of the Law Offices of Dale W. Pittman, 112 W. Tabb St., #A, Petersburg, VA, 23803, to represent you and the rest of the Settlement Class. In connection with the preliminary approval of the settlement, the Court appointed these attorneys to represent you and other members of the Settlement Class. Together, the attorneys are called "**Class Counsel**."  These lawyers will not separately charge you for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 11.    HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees and expenses, including the cost of administering the Settlement, equal to approximately 20% of the total cash amount paid by Defendants.  Class Counsel will also ask the Court to approve a $5,000 payment to each Named Plaintiff. The Named Plaintiffs were subject to extensive discovery and made substantial contributions in the prosecution of this Lawsuit for the benefit of the Class. The Court will decide how much Class Counsel and Named Plaintiffs will be paid.

## 12.    HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed Settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement and other relevant case-related documents by visiting www.VirginiaCashCallSettlement.com, or by writing or calling Class Counsel at either of these addresses or telephone numbers:

Leonard A. Bennett, Esq.                   Kristi Cahoon Kelly, Esq.
Consumer Litigation Associates, P.C.        KELLY & CRANDALL, PLC
763 J. Clyde Morris Blvd, Suite 1A          4084 University Drive, Suite 202A
Newport News, VA 23610                      Fairfax, VA  22030
len@clalegal.com                            kkelly@kellyandcrandall.com
(757) 930-3660                              (703) 424-7730


**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, THE DEFENDANTS OR THE DEFENDANTS' COUNSEL. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**JAMES HAYES, et al, on behalf of**
**themselves and all other similarly**
**situated individuals and the**
**COMMONWEALTH OF VIRGINIA,** *ex rel.*
**MARK R. HERRING, Attorney General,**

           **Plaintiffs,**

**v.**                                     **Civil Action No. 3:14-cv-258 (JAG)**
                                               **[*Consolidated with 3:16-cv-311*]**

**DELBERT SERVICES CORP.,**
**JOHN PAUL REDDAM, and CASHCALL,**
**INC.,**

           **Defendants.**

### PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the Parties to this action, James Hayes, Debera Grant, Herbert White, Leslie Grainger and Donald Hill, and Commonwealth of Virginia, *ex rel.* Mark R. Herring, Attorney General, ("Plaintiffs"), and Delbert Services Corp., John Paul Reddam, and CashCall, Inc., ("Defendants"), through their respective Counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Stipulation and Agreement of Settlement (the "Stipulation of Settlement"). The Stipulation of Settlement has been filed with the Court and the definitions set forth in the Stipulation of Settlement are incorporated by reference herein.

Based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair,

reasonable, and adequate. A hearing will be held on _____, after notice to the proposed

Settlement Class Members, to confirm that the proposed settlement is fair, reasonable, and

adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Litigation and over all

settling Parties hereto for the purposes of approving this settlement.

2.      **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(3), the matter is hereby

preliminarily certified, for settlement purposes only, as a class action on behalf of the following

Class of plaintiffs (the "**Settlement Class**"):

> All individuals who obtained a loan from Western Sky that was subsequently purchased
> by WS Funding and who are identified as Virginia residents in their Western Sky loan
> agreements.

> The Parties estimate there are 17,046 such Settlement Class Members.

3.      **Class Representative Appointments:** Pursuant to Fed. R. Civ. P. 23, the Court

preliminary appoints James Hayes, Debera Grant, Herbert White, Leslie Grainger and Donald Hill

as the class representatives for the Settlement Class.

4.      **Class Counsel Appointment:** Having considered the work that Class Counsel has

done in investigating potential claims in this action, counsel's experience in handling class actions

and other complex litigation, counsel's experience in handling claims of the type asserted in this

action, counsel's knowledge of the applicable law, and the resources counsel will commit to

representing the class, the following attorneys are preliminarily appointed as class counsel under

Fed. R. Civ. P 23(g)(1): Leonard A. Bennett, Craig C. Marchiando, Thomas Domonoske, and

Elizabeth W. Hanes of Consumer Litigation Associates, P.C.; Kristi C. Kelly, Camille A. Crandall,

and Andrew J. Guzzo of Kelly & Crandall, P.L.C.; and Dale W. Pittman with the Law Offices of

Dale W. Pittman.

5.      **Preliminary Certification of the Class** – The Court preliminarily finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

a.   The Settlement Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

b.   There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

c.   The claims of the Class Representatives are typical of the claims of the Settlement Class Members;

d.   The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

e.   The Court finds that as to this Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.  Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

6.      **Class Action Administration:** Dahl Administration is approved as the Class Administrator (the "Settlement Administrator").   The Settlement Administrator shall oversee the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Stipulation of Settlement and the costs of notice and administration shall be paid in accordance with the Stipulation of Settlement. The settlement checks shall issue from the Settlement Fund only, and the Settlement Administrator will verify that the settlement checks were mailed.

7.    **Class Notice:** The Court approves the form and content of the Class Notice attached as Exhibit 1 to the Stipulation of Settlement. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on Settlement Class Members. The Notice Plan is designed for notice to reach a significant number of Settlement Class Members and is otherwise proper under Rule 23(e)(l).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties, as set forth in the Stipulation of Settlement, and directs that the plan be implemented according to the Stipulation of Settlement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(l) and satisfies due process.  The Administrator shall send the Class Notice as required in Section 5.3 of the Settlement Agreement.

8.    **Exclusions from the Settlement Class:** The Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. All requests by the individuals within the Settlement Class to be excluded must be in writing, sent to the Settlement Administrator and postmarked no later than _____, 2017.  To be valid, a request for exclusion must be personally signed and must include: (i) the name of this Action; (ii) the Settlement Class Member's name, address and telephone number; and (iii) the following statement: "I request to be excluded

from the class settlement in this case." No persons who purport to opt out of the Settlement Class as a group, on an aggregate basis or as a class involving more than one Class Member shall be considered valid Opt-Outs. Requests for exclusion that do not comply with any of the foregoing requirements are invalid.  A Settlement Class Member who properly opts out may not also object to the Stipulation of Settlement.

9. **Objections:** Any individual within the Settlement Class, who has not previously opted-out in accordance with the terms of Paragraph 8 above but instead wishes to object to the Settlement or any matters as described in the Notice, may do so by filing with Court a notice of their intention to object, with any papers in support of their position.  All objections must include: (i) the name of this Action; (ii) the objector's name, address and telephone number; (iii) the account number(s) of the extension of credit; (iv) a sentence confirming that he or she is a Settlement Class Member; (v) the factual basis and legal grounds for the objection to the Settlement; and (vi) a list of any prior cases in which the objector or the objector's counsel have objected to a class settlement. Counsel representing an objecting Settlement Class Member must enter an appearance in this Action.  The objection should be filed with the District Court, Clerk of Court, United States District Court, 701 East Broad Street, Richmond, Virginia, 23219.  Copies of all such papers should also be mailed or delivered to Class Counsel, Leonard Anthony Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, VA 23601 and the Defendants' Counsel, Joseph L. Barloon, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, N.W., Washington, D.C. 20005.

Objections must be filed and served so that they are received no later than _____, 2017. Objections to Settlement Class Counsel's application for attorneys' fees filed before the deadline may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The objection and any supplement must

indicate whether the Settlement Class Member and/or his attorney(s) intends to appear at the Final Fairness Hearing.  Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than _____, 2017.

　　　　10.　　**Final Approval:** The Court shall conduct a Final Fairness Hearing on _____ _____, 2017 at 701 East Broad Street, Richmond, VA 23219, commencing at 10:00 A.M., to review and rule upon the following issues:

　　a.　　Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

　　b.　　Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

　　c.　　To discuss and review other issues as the Court deems appropriate.

　　　　11.　　Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

　　　　12.　　Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections or for class representative service awards and any documents in support of any application for attorneys' fees and reimbursement of costs and expenses by Class Counsel shall be made in accordance with the Stipulation of Settlement and shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and

costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation.

13.      All proceedings in this Action as they relate to claims against Defendants are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

14.      Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to individual claims of anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 8 above. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

15.      If the Stipulation of Settlement and/or this Order are voided per Section 9 of the Stipulation of Settlement:

   a.   The Stipulation of Settlement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding.

   b.   Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Stipulation of Settlement set aside, withdrawn, and stricken from the record;

   c.   The Stipulation of Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any

party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

d.   The Parties shall stand in the same procedural position as if the Stipulation of Settlement had not been negotiated, made, or filed with the Court.

16.   The Stipulation of Settlement is preliminarily approved as fair, reasonable, and adequate.  The Court preliminarily finds that: (a) the proposed Stipulation of Settlement resulted from arms-length negotiations; (b) the Stipulation of Settlement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of the Class Representatives' and Settlement Class Members' claims; (c) Class Counsel represent that they have concluded that the Stipulation of Settlement is fair, reasonable, and adequate; and (d) the proposed Stipulation of Settlement appears to be in the best interest of the Class Representatives and Settlement Class Members.

17.   The Order is not admissible as evidence for any purpose against Class Representatives, Settlement Class Members or Defendants in any pending or future litigation.  This Order shall not be construed or used as an admission, concession or declaration against either the Class Representatives, Settlement Class Members, or Defendants with respect to the strengths or weakness of any claim or defense in the Litigation.  The Parties' actions in this matter have been taken for settlement purposes only for the purpose of resolving the claims between the Class Representatives, Settlement Class Members, and Defendants in this litigation.

18.   The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Stipulation of Settlement.

IT IS SO ORDERED.

Dated: _____     _____
                                                                         United States District Judge