IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JAMES HAYES, et al, on behalf of
themselves and all other similarly
situated individuals and the
COMMONWEALTH OF VIRGINIA,** *ex rel.*
**MARK R. HERRING, Attorney General,**

        **Plaintiffs,**

v.                             **Civil Action No. 3:14-cv-258 (JAG)**
                                       **[*Consolidated with 3:16-cv-311*]**

**DELBERT SERVICES CORP.,
JOHN PAUL REDDAM, and CASHCALL,
INC.,**

        **Defendants.**

## PRELIMINARY APPROVAL ORDER

      WHEREAS, the Court has been advised that the Parties to this action, James Hayes, Debera Grant, Herbert White, Leslie Grainger and Donald Hill, and Commonwealth of Virginia, *ex rel.* Mark R. Herring, Attorney General, ("Plaintiffs"), and Delbert Services Corp., John Paul Reddam, and CashCall, Inc., ("Defendants"), through their respective Counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Stipulation and Agreement of Settlement (the "Stipulation of Settlement"). The Stipulation of Settlement has been filed with the Court and the definitions set forth in the Stipulation of Settlement are incorporated by reference herein.

      Based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is

fair, reasonable, and adequate. A hearing will be held on June 6, 2017, at 10:00 a.m., after notice to the proposed Settlement Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto for the purposes of approving this settlement.

2.     **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(3), the matter is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Class of plaintiffs (the "**Settlement Class**"):

> All individuals who obtained a loan from Western Sky that was subsequently purchased by WS Funding and who are identified as Virginia residents in their Western Sky loan agreements.

> The Parties estimate there are 17,046 such Settlement Class Members.

3.     **Class Representative Appointments:** Pursuant to Fed. R. Civ. P. 23, the Court preliminary appoints James Hayes, Debera Grant, Herbert White, Leslie Grainger and Donald Hill as the class representatives for the Settlement Class.

4.     **Class Counsel Appointment:** Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are preliminarily appointed as class counsel under Fed. R. Civ. P 23(g)(1): Leonard A. Bennett, Craig C. Marchiando, Thomas Domonoske, and Elizabeth W. Hanes of Consumer Litigation Associates, P.C.; Kristi C. Kelly, Camille A.

Crandall, and Andrew J. Guzzo of Kelly & Crandall, P.L.C.; and Dale W. Pittman with the Law Offices of Dale W. Pittman.

     5.    **Preliminary Certification of the Class** – The Court preliminarily finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

    a.    The Settlement Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

    b.    There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

    c.    The claims of the Class Representatives are typical of the claims of the Settlement Class Members;

    d.    The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

    e.    The Court finds that as to this Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

     6.    **Class Action Administration:** Dahl Administration is approved as the Class Administrator (the "Settlement Administrator"). The Settlement Administrator shall oversee the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Stipulation of Settlement and the costs of notice and administration shall be paid in accordance with the Stipulation of Settlement. The settlement checks shall issue from the

Settlement Fund only, and the Settlement Administrator will verify that the settlement checks were mailed.

7. **Class Notice:** The Court approves the form and content of the Class Notice attached as Exhibit 1 to the Stipulation of Settlement. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on Settlement Class Members. The Notice Plan is designed for notice to reach a significant number of Settlement Class Members and is otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties, as set forth in the Stipulation of Settlement, and directs that the plan be implemented according to the Stipulation of Settlement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(1) and satisfies due process. The Administrator shall send the Class Notice as required in Section 5.3 of the Settlement Agreement.

8. **Exclusions from the Settlement Class:** The Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. All requests by the individuals within the Settlement Class to be excluded must be in writing, sent to the Settlement Administrator and postmarked no later than May 1, 2017. To be valid, a request for exclusion must be personally

-4-

signed and must include: (i) the name of this Action; (ii) the Settlement Class Member's name, address and telephone number; and (iii) the following statement: "I request to be excluded from the class settlement in this case." No persons who purport to opt out of the Settlement Class as a group, on an aggregate basis or as a class involving more than one Class Member shall be considered valid Opt-Outs. Requests for exclusion that do not comply with any of the foregoing requirements are invalid. A Settlement Class Member who properly opts out may not also object to the Stipulation of Settlement.

9.      **Objections:** Any individual within the Settlement Class, who has not previously opted-out in accordance with the terms of Paragraph 8 above but instead wishes to object to the Settlement or any matters as described in the Notice, may do so by filing with Court a notice of their intention to object, with any papers in support of their position.  All objections must include: (i) the name of this Action; (ii) the objector's name, address and telephone number; (iii) the account number(s) of the extension of credit; (iv) a sentence confirming that he or she is a Settlement Class Member; (v) the factual basis and legal grounds for the objection to the Settlement; and (vi) a list of any prior cases in which the objector or the objector's counsel have objected to a class settlement. Counsel representing an objecting Settlement Class Member must enter an appearance in this Action.  The objection should be filed with the District Court, Clerk of Court, United States District Court, 701 East Broad Street, Richmond, Virginia, 23219. Copies of all such papers should also be mailed or delivered to Class Counsel, Leonard Anthony Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, VA 23601 and the Defendants' Counsel, Joseph L. Barloon, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, N.W., Washington, D.C. 20005.

Objections must be filed and served so that they are received no later than May 1, 2017. Objections to Settlement Class Counsel's application for attorneys' fees filed before the

deadline may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The objection and any supplement must indicate whether the Settlement Class Member and/or his attorney(s) intends to appear at the Final Fairness Hearing.  Any attorney who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than May 1, 2017.

10.     **Final Approval:** The Court shall conduct a Final Fairness Hearing on June 6, 2017, at 701 East Broad Street, Richmond, VA 23219, commencing at 10:00 A.M., to review and rule upon the following issues:

a.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

b.     Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

c.     To discuss and review other issues as the Court deems appropriate.

11.     Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

12.     Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections or for class representative service awards and any documents in support of any application for attorneys' fees and reimbursement of costs and expenses by Class Counsel shall be made in accordance with the Stipulation of Settlement and

shall be filed with the Court no later than fourteen (14) days before the Final Fairness Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation.

13.     All proceedings in this Action as they relate to claims against Defendants are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

14.     Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to individual claims of anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 8 above. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

15.     If the Stipulation of Settlement and/or this Order are voided per Section 9 of the Stipulation of Settlement:

a.     The Stipulation of Settlement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding.

b.  Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Stipulation of Settlement set aside, withdrawn, and stricken from the record;

c.  The Stipulation of Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

d.  The Parties shall stand in the same procedural position as if the Stipulation of Settlement had not been negotiated, made, or filed with the Court.

16.  The Stipulation of Settlement is preliminarily approved as fair, reasonable, and adequate. The Court preliminarily finds that: (a) the proposed Stipulation of Settlement resulted from arms-length negotiations; (b) the Stipulation of Settlement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of the Class Representatives' and Settlement Class Members' claims; (c) Class Counsel represent that they have concluded that the Stipulation of Settlement is fair, reasonable, and adequate; and (d) the proposed Stipulation of Settlement appears to be in the best interest of the Class Representatives and Settlement Class Members.

17.  The Order is not admissible as evidence for any purpose against Class Representatives, Settlement Class Members or Defendants in any pending or future litigation. This Order shall not be construed or used as an admission, concession or declaration against either the Class Representatives, Settlement Class Members, or Defendants with respect to the strengths or weakness of any claim or defense in the Litigation. The Parties' actions in this matter have been taken for settlement purposes only for the purpose of resolving the claims between the Class Representatives, Settlement Class Members, and Defendants in this litigation.

-8-

18.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Stipulation of Settlement.

IT IS SO ORDERED.

Dated: _____1/30/17_____

_____/s/_____
John A. Gibney, Jr.
United States District Judge