IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA<br>*EX REL.* MARK R. HERRING,<br>ATTORNEY GENERAL,<br><br>*Plaintiff-Intervenor,*<br><br>v.<br><br>CASHCALL, INC.,<br>a California corporation,<br>and<br><br>J. PAUL REDDAM,<br>an individual,<br><br>*Defendants.* | |
| JAMES HAYES, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DELBERT SERVICES CORPORATION,<br>JOHN PAUL REDDAM,<br>and CASHCALL, INC.,<br><br>*Defendants.* | Civil Action No. 3:14-cv-258-JAG |



## STIPULATED FINAL JUDGMENT AND ORDER

The Plaintiff-Intervenor, Commonwealth of Virginia, by, through, and at the relation of the Attorney General of Virginia, Mark. R. Herring (the "Intervenor" or "Commonwealth"), filed a Complaint in Intervention to obtain injunctive relief, restitution, civil penalties, costs, attorneys' fees, and other equitable relief against Defendants CashCall, Inc. ("CashCall"), a California corporation, and J. Paul Reddam ("Reddam"), president, CEO, owner and director of

CashCall (collectively, "Defendants" or "CashCall"). The Complaint alleges violations of §§ 59.1-200(A)(2), (3), (5) and (14) of the Virginia Consumer Protection Act ("VCPA"). The Commonwealth and Defendants have agreed to enter into this Stipulated Final Judgment and Order for the purpose of resolving the Commonwealth's claims against Defendants.

WHEREAS, on April 10, 2014, Plaintiffs James Hayes and Debera Grant filed a class action complaint against Delbert Services Corporation ("Delbert"); on June 27, 2014, Plaintiffs Hayes, Grant and Herbert White filed an amended class action complaint; and on May 17, 2016, Plaintiffs Hayes, Grant and White filed a second amended class action complaint, adding Reddam as a defendant.

WHEREAS, on May 26, 2016, Plaintiffs Hayes and White filed a class action complaint against CashCall in a separate action captioned *White, et al. v. CashCall, Inc.* (Civil Action No. 3:16-cv-00311-HEH), which was consolidated with this matter on July 1, 2016.

WHEREAS, on July 22, 2016, Plaintiffs Hayes, Grant, White, Leslie Grainger and Donald Hill filed a consolidated class action complaint against CashCall, Delbert and Reddam.

WHEREAS, the Commonwealth has intervened in this matter to resolve its claims against Defendants in coordination with the resolution of Plaintiffs Hayes, Grant, White, Grainger and Hill's putative class claims.

WHEREAS, Defendants have agreed to establish a fund in the amount of $9,435,000 for borrower restitution to resolve the claims alleged by Plaintiffs Hayes, Grant, White, Grainger and Hill in the consolidated class action complaint, and to resolve the claims alleged by the Commonwealth in its Complaint in Intervention.

2

WHEREAS, the Commonwealth and Defendants (collectively, the "Parties") have agreed to the terms of this Stipulated Final Judgment and Order to resolve the Commonwealth's claims against Defendants.

In light of the foregoing, and having reviewed the terms of this Stipulated Final Judgment and Order and the entire record in this case, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

## I. PARTIES SUBJECT TO FINAL JUDGMENT

1. Unless otherwise provided, this Stipulated Final Judgment and Order shall apply to Defendants and their agents, servants, employees, officers, members, directors, affiliates, subsidiaries, representatives, successors, heirs, and assignees, and any other person acting under their direction and control, including through any corporation, trust, or device, including Delbert and WS Funding, LLC ("WS Funding"). For the avoidance of doubt, the terms "successors" and "assignees" do not apply to persons or entities not subject to this Stipulated Final Judgment and Order that purchased Covered Loans from Defendants.

2. The Parties are entering into this Stipulated Final Judgment and Order for the purpose of compromising and resolving disputed claims and to avoid the expense of further litigation. It is expressly understood that nothing contained in this Stipulated Final Judgment and Order shall be construed as an admission by any Defendant of any liability, wrongdoing, or factual or legal issue, including jurisdiction. This Stipulated Final Judgment and Order may not be used as evidence of liability or wrongdoing, or with respect to any factual or legal issue, including jurisdiction. This Stipulated Final Judgment and Order is not intended to be used or admissible in any unrelated administrative, civil, or criminal proceeding. Defendants do not waive any defenses they may raise in other litigation.

## II. DEFINITIONS

3. For purposes of this Stipulated Final Judgment and Order, the following terms shall have the following meanings:

    a. "Class Settlement Agreement" shall mean the agreement between the Defendants and the *Hayes* Plaintiffs, which resolves the *Hayes* Plaintiffs' putative class claims, that is finally approved by the Court.

    b. "Commonwealth Payment" shall mean the amount paid to the Commonwealth by Defendants.

    c. "Commonwealth" means the Commonwealth of Virginia.

    d. "Attorney General" means the Attorney General of the Commonwealth of Virginia, Mark R. Herring, or his delegee.

    e. "Covered Loans" shall mean loans made in the name of Western Sky Financial, LLC ("Western Sky"), to individuals identified as Virginia residents in Western Sky loan agreements and subsequently purchased by WS Funding and serviced by CashCall or Delbert.

    f. "Effective Date" means the later of (i) the date the Court enters this Stipulated Final Judgment and Order or (ii) the date that the Class Settlement Agreement becomes final for all purposes because either (a) no appeal has been filed and the time within which an appeal may be filed has elapsed, or (b) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of the Class Settlement Agreement.

    g. "*Hayes* Plaintiffs" shall mean Plaintiffs Hayes, Grant, White, Grainger and Hill, on behalf of themselves and all other similarly situated individuals.

4

  h. "Virginia Borrower" shall mean an individual who obtained a loan from Western Sky and who is identified as a Virginia resident on his or her Western Sky loan agreement.

  i. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendants based on substantially the same facts as contained in the Commonwealth's Complaint in Intervention.

## III. INJUNCTIVE RELIEF

4. Upon the Effective Date of this Stipulated Final Judgment and Order, Defendants, directly or through any business or entity of which a Defendant has any management control or ownership, are hereby permanently enjoined from:

  a. Charging annual interest on consumer loans made to Virginians, whether made directly from a physical location in Virginia or over the Internet, in excess of the 12% annual interest prescribed by Virginia Code § 6.2-303(A), without having met the criteria for an exception thereto pursuant to Virginia Code § 6.2-303(B) or other applicable Virginia law; and,

  b. In connection with any consumer transaction with a Virginian:

    i. Misrepresenting the source, sponsorship, approval, or certification of goods or services pursuant to Virginia Code § 59.1-200(A)(2);

    ii. Misrepresenting the affiliation, connection, or association of the supplier, or of the goods or services, with another pursuant to Virginia Code § 59.1-200(A)(3);

   iii. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits pursuant to Virginia Code § 59.1-200(A)(5); and

   iv. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction pursuant to Virginia Code § 59.1-200(A)(14).

5. Upon the Effective Date of this Stipulated Final Judgment and Order, Defendants shall discharge, cancel, release, forgive, and adjust to zero balance all Covered Loans purchased and currently owned by one or more of the Defendants.

6. Within sixty (60) days of the Effective Date, Defendants shall notify Virginia Borrowers whose Covered Loans they currently own that their loans have been discharged, canceled, released, forgiven and adjusted to zero balance. To the extent Defendants have already notified Virginia Borrowers that their Covered Loans have been discharged, canceled, released, forgiven, and adjusted to zero balance pursuant to the Class Settlement Agreement by that time, Defendants shall confirm with the Commonwealth that they have already complied with this provision. Notification shall be made to the Virginia Borrowers by letter sent via first class mail to their last known physical address, and where available, by e-mail to their last known e-mail address.

7. The Parties agree that the Covered Loans are disputed debts. If judgments were obtained, within sixty (60) days of the Effective Date, Defendants agree to notify the relevant courts that the judgments are satisfied. To the extent Defendants have already notified relevant courts that the judgments were satisfied pursuant to the Class Settlement Agreement by that time,

Defendants shall confirm with the Commonwealth that they have already complied with this provision.

8. Upon the Effective Date of this Stipulated Final Judgment and Order, Defendants agree to forbear any sale or transfer of remaining unpaid accounts of Virginia Borrowers relating to any Covered Loans. Within forty-five (45) days of the Effective Date, Defendants shall provide to the Commonwealth a list of Covered Loans sold to third parties and the name and address of the third party to which each such loan was sold, to the extent available.

9. Within forty-five (45) days of the Effective Date, Defendants shall contact applicable credit bureaus to request removal of any credit reporting that Defendants have made for Covered Loans.

10. Within forty-five (45) days of the Effective Date, Defendants shall provide to the Commonwealth a verified spreadsheet that includes the following loan account details for each Virginia Borrower who obtained a Covered Loan: (a) name; (b) last known physical address; (c) last known email address; (d) the social security number of the consumers; (e) the date of birth of the consumers; (f) phone number, if available; (g) principal amount financed/loan proceeds provided to borrower; (h) term of loan in months; and (i) total aggregate dollar amount of the monthly payments of principal, interest and fees made. The verified spreadsheet shall be accompanied by an affidavit in the attached form.

11. With the exception of Paragraphs 8 and 10 above, the Injunctive Relief required by this Section shall be interpreted to be the same as, and not a supplement to or otherwise different from, the relief required by Paragraph 3.4(a)(i)-(iii) and (v) of the Class Settlement Agreement. Insofar as Defendants have complied with Paragraph 3.4(a)(i)-(iii) and (v) of the Class Settlement Agreement prior to the Effective Date of this Stipulated Final Judgment and

Order, or before any action described in Paragraphs 4-7 and 9 of this Stipulated Final Judgment and Order is required to be performed, Defendants shall be deemed to have complied with the relief required by Paragraphs 4-7 and 9 of this Stipulated Final Judgment and Order.

### IV. MONETARY PROVISIONS

#### a. Restitution

12. Defendants and the Commonwealth hereby incorporate by reference the restitution eligibility, payment, and reporting terms and definitions as specifically stated in the *Hayes* Plaintiffs' Class Settlement Agreement at Paragraphs 3.3 and 3.4(b)(i)-(v). To the extent applicable, all terms incorporated herein from the Class Settlement Agreement shall have the same meaning and definition provided by Section II of the Class Settlement Agreement. By incorporating the terms and definitions from the Class Settlement Agreement that are described in this Paragraph, neither the Defendants nor the Commonwealth intend to duplicate, and this Stipulated Final Judgment and Order shall not be construed as duplicating, any relief set forth in the Class Settlement Agreement.

13. Defendants' failure to render full performance of their restitution obligations under the *Hayes* Plaintiffs' Class Settlement Agreement shall be a violation of this Stipulated Final Judgment and Order.

14. Defendants shall promptly respond to the Commonwealth's reasonable inquiries about the status, calculation, and payment of restitution to Virginia Borrowers eligible for the same pursuant to the terms of the Class Settlement Agreement.

#### b. Civil Penalties and Costs and Attorneys' Fees

15. Judgment is hereby entered in favor of the Commonwealth and against Defendants in the amount of Sixty-Five Thousand Dollars ($65,000), pursuant to § 59.1-206(B)

of the VCPA, as a civil penalty. Accordingly, within fifteen (15) days of the Effective Date of this Stipulated Judgment and Final Order, Defendants shall pay the Commonwealth the sum of Sixty-Five Thousand Dollars ($65,000). Any amounts paid and collected shall be deposited into the Attorney General's Regulatory, Consumer Advocacy, Litigation and Enforcement Revolving Trust Fund.

16. Judgment is hereby entered in favor of the Commonwealth and against Defendants in the amount of Thirty-Five Thousand Dollars ($35,000), pursuant to § 59.1-206(C) of the VCPA, for reimbursement of its reasonable expenses, costs, and attorneys' fees in investigating and preparing this action. Accordingly, within fifteen (15) days of the Effective Date of this Stipulated Final Judgment and Order, Defendants shall pay the Commonwealth the sum of Thirty-Five Thousand Dollars ($35,000). Any amounts paid and collected shall be deposited into the Attorney General's Regulatory, Consumer Advocacy, Litigation and Enforcement Revolving Trust Fund.

17. Payment of the Commonwealth Payment as stated in Paragraphs 15 and 16 of this Stipulated Final Judgment and Order shall be made by delivery of a cashier's or certified check in the amount of One Hundred Thousand Dollars ($100,000) payable to "Treasurer of Virginia," and remitted to the Office of the Attorney General, Consumer Protection Section, Attn: James E. Scott, Assistant Attorney General, Consumer Protection Section, 202 North Ninth Street, Richmond, Virginia 23219.

18. Defendants are jointly and severally liable for the Commonwealth Payment.

19. In no event shall Defendants be required to pay the Commonwealth more than $100,000.

20. To preserve the deterrent effect of the civil penalty provided for in Paragraph 15 of this Stipulated Final Judgment and Order, Defendants may not argue in any Related Consumer Action that they are entitled to, nor may they benefit from, any offset or reduction of any compensatory monetary remedies imposed in the Related Consumer Action because of the civil monetary penalty paid in this action.

## V. COMPLIANCE AND ENFORCEMENT

21. Any notices, statements, or other written documents required by this Stipulated Final Judgment and Order shall be provided by first class mail and email to the intended recipient at the address set forth below, unless a different address is specified in writing by the party changing such address:

For the Commonwealth, to:

> David B. Irvin
> Senior Assistant Attorney General and Unit Manager
> James E. Scott
> Assistant Attorney General
> Office of the Attorney General
> Consumer Protection Section
> Predatory Lending Unit
> 202 North Ninth Street
> Richmond, VA 23219
> JScott@oag.state.va.us

For CashCall and Reddam to:

> Joseph L. Barloon
> Thomas J. Nolan
> Skadden, Arps, Slate, Meagher & Flom LLP
> 1440 New York Ave., NW
> Washington, D.C. 20005
> jbarloon@skadden.com
> thomas.nolan@skadden.com

## VI. GENERAL PROVISIONS

22. Defendants have entered into this Stipulated Final Judgment and Order freely and without coercion, and without admitting any violation of the law. Defendants further acknowledge that they have read the provisions of this Stipulated Final Judgment and Order and are able to abide by them. Defendants represent that each of the Defendants or their undersigned representative has full authority to enter into and bind the Defendants to the terms and conditions of this Stipulated Final Judgment and Order.

23. The Commonwealth and Defendants waive all rights to seek appellate review, rehearing, or otherwise challenge or contest the validity of this Stipulated Final Judgment and Order.

24. Nothing herein relieves Defendants of their duty to comply with applicable laws of the Commonwealth of Virginia nor constitutes authorization by the Commonwealth for Defendants to engage in acts and practices prohibited by such laws. This Stipulated Final Judgment and Order shall be governed by the laws of the Commonwealth of Virginia.

25. Nothing herein constitutes approval by the Commonwealth of the Defendants' past or future practices, and Defendants shall not make any representations to the contrary.

26. Defendants stipulate that the U.S. District Court for the Eastern District of Virginia has jurisdiction over the Parties and subject matter of this action for the sole purpose of entering and enforcing this Stipulated Final Judgment and Order. Other than as provided in this paragraph, the Commonwealth and the Defendants waive any and all further legal action in this case, which is captioned *Hayes, et al. v. Delbert Services Corp., et al.*, (Civil Action No. 3:14-cv-00258-JAG), including but not limited to any right to appeal, petition for certiorari, or move to reargue or rehear this Stipulated Final Judgment and Order.

27. This Stipulated Final Judgment and Order may be executed in counterparts.

28. If any provision(s) of this Stipulated Final Judgment and Order is held to be invalid, illegal, unenforceable, or in conflict with the law of any jurisdiction, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

29. This Stipulated Final Judgment and Order may be amended solely by written agreement signed by the Commonwealth and the Defendants or their authorized representatives and with the approval of the Court.

30. This Stipulated Final Judgment and Order represents the entire agreement between the parties hereto and a complete merger of prior negotiations and agreements.

31. This Stipulated Final Judgment and Order shall become a final judgment of the Court on the Effective Date.

32. By entering this Stipulated Final Judgment and Order, the Commonwealth of Virginia, *ex rel.*, Mark R. Herring, Attorney General, to the extent permitted by law, hereby releases and discharges CashCall, WS Funding, Delbert, Reddam, Western Sky and Martin A. ("Butch") Webb, as well as their current, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, representatives, successors, predecessors-in-interest, attorneys, vendors and partners, and related entities and each of their respective officers, directors, employees, and insurers and assigns and all persons acting for or on their behalf, including Reddam, from any and all claims, grievances, suits and causes of action relating to (a) the conduct alleged in the Commonwealth's September 7, 2016 letter, the Commonwealth's November 28, 2016 mediation statement, and the Commonwealth's Complaint-in-Intervention; (b) the conduct alleged by the *Hayes* Plaintiffs in their consolidated class action complaint; and (c) any other conduct relating to the Covered Loans, whether arising in contract, tort, statute,

common law, or any other theory of action, whether arising in law or equity, whether known or unknown, choate or inchoate, matured or un-matured, contingent or fixed, liquidated or unliquidated, accrued or un-accrued, asserted or un-asserted, based upon any fact, whether known or unknown, that happened prior to the Effective Date.

33. Upon the Effective Date of this Stipulated Final Judgment and Order, all of the Commonwealth's claims in this action are hereby **DISMISSED**, and this case will be **CLOSED** on the Court's docket, subject to the Parties' rights to seek further orders from this Court as set forth herein.

SO ORDERED, ADJUDGED, and DECREED this 6th day of June, 2017.

/s/ _____
John A. Gibney, Jr.
United States District Judge

**FOR PLAINTIFF-INTERVENOR**

COMMONWEALTH OF VIRGINIA, *EX REL.*, MARK R. HERRING, ATTORNEY GENERAL

Executed and agreed this 19th day of January, 2017

By: _____
David B. Irvin
Senior Assistant Attorney General and Unit Manager
James E. Scott
Assistant Attorney General
Office of the Attorney General
Consumer Protection Section
Predatory Lending Unit
202 North Ninth Street
Richmond, VA 23219
JScott@oag.state.va.us

**FOR DEFENDANTS**

CASHCALL, INC.

Executed and agreed this 19th day of January, 2017

By: _____
Print Name: J. Paul Reddam
Title: CEO

For: CashCall, Inc.


J. PAUL REDDAM, INDIVIDUALLY

Executed and agreed this 19th day of January, 2017

By: _____
J. Paul Reddam, individually

14

## AFFIDAVIT VERIFYING SPREADSHEET

The undersigned, __[name]_____, _[title]_____, has conducted a thorough examination of the loan records of CashCall, Inc. ("CashCall") for the period from January 1, 2010 through March __, 2017, concerning loans made in the name of Western Sky Financial, LLC to individuals identified as Virginia residents in the loan agreements, which loans were subsequently purchased by WS Funding, LLC and serviced by CashCall or Delbert Services Corporation, and, based on this search and examination, has prepared the attached spreadsheet to provide the loan information required by the Stipulated Final Judgment and Order. The attached spreadsheet is accurate and complete to the best of my knowledge.

CashCall, Inc.

By: _____
            [insert name]


_____
        Printed Name

Title: _____

STATE/COMMONWEALTH OF _____ :

CITY/COUNTY OF _____ :

Sworn to and subscribed before me, a notary public in and for the jurisdiction aforesaid, this ___ day of _____, 2017.

_____
        Notary Public

My commission expires:  /   /