IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
JUN - 6 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JAMES HAYES, *et al.*,

    Plaintiffs,

v.

DELBERT SERVICES CORP., *et al.*,

    Defendants.

Civil Action No. 3:14-cv-258 (JAG)
[*Consolidated with* 3:16-cv-311]

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING CLAIMS WITH PREJUDICE, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

For the reasons below, Plaintiffs' Motion for Final Approval of Class Action Settlement, Dismissing Claims With Prejudice, and Awarding Attorneys' Fees, Costs, and Service Awards (ECF No. 197) is hereby GRANTED.

1. Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Order Granting Motion for Final Approval of Class Action Settlement, Dismissing Claims with Prejudice, and Awarding Attorneys' Fees, Costs and Service Awards ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

2. Based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on June 6, 2017 at 10:00 a.m., of which the Class was notified by Court-approved, mailed notice. Counsel for the Parties appeared [and no other Class Members

were in attendance.] Following that hearing, the Court makes the following findings and conclusions.

## RULE 23(b)(3) CLASS CERTIFIED

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court previously certified the following Class:

> All individuals who obtained a loan from Western Sky that was subsequently purchased by WS Funding and who are identified as Virginia residents in their Western Sky loan agreements.

There are 15,126 individual consumers who comprise this Class. Relative to this Class, the Court specifically found and does now reaffirm:

a. The Class is so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Class;

c. The claims of the Named Plaintiffs are typical of the claims of the Class that the Named Plaintiffs seek to represent;

d. The Named Plaintiffs and their Counsel will fairly and adequately protect the interests of the Class;

e. The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

f. Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

4. The Court appointed the Plaintiffs, James Hayes, Debera Grant, Herbert White, Leslie Grainger, and Donald A. Hill, as the Class Representatives. The Court has previously found adequate and appointed as Class Counsel Fed. R. Civ. P. 23(g)(1): Leonard A. Bennett, Craig C. Marchiando, Thomas Domonske and Elizabeth W. Hanes of Consumer Litigation

Associates, P.C.; Kristi C. Kelly, Camille A. Crandall, and Andrew J. Guzzo of Kelly & Crandall, P.L.C.; and Dale W. Pittman of the Law Offices of Dale W. Pittman. The Court reaffirms that appointment.

### CLASS NOTICE AND ADMINISTRATION SATISFIED RULE 23(c)

5. Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 98.2% of the Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

6. The Administrator has confirmed that it sent the appropriate Class Action Fairness Act ("CAFA") notices on January 30, 2017. There were no objections or comments from the government officials to whom CAFA notice was sent.

### OBJECTIONS AND OPT OUTS

7. No Class Members have objected to the Settlement.

8. Two Class Members have timely and validly excluded themselves from the Settlement. Those individuals are identified by the Settlement Administrator as C. Spencer (Deceased) and J. Thomas, and will not be bound by the Settlement or any of its terms.

### SETTLEMENT APPROVED

9. The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, represent a fair resolution of all claims asserted on behalf of the Class Members, fully and finally resolves all such claims, are in the best interest of the Settlement Class and satisfy the standards for approval at *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991). The Court finds that the Settlement provides Class Members with

genuine relief in exchange for a proportionate release of claims. The Court further finds that (a.) the settlement was reached as a result of good-faith bargaining at arm's length, without collusion, (b.) the case was settled at a posture after motions practice and after successful appeal from the Fourth Circuit, (c.) written and deposition discovery was substantial and largely complete, (d.) the settlement consideration negotiated is fair and reasonable in light of the risks involved in the case, other delays likely if not settled and Defendants' ability to satisfy a later judgment, and (e.) the Plaintiffs' counsel are experienced and skilled in this field of litigation. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members.

## SETTLEMENT TERMS ORDERED

10. Defendants will implement the relief set forth in the Stipulation and Agreement of Settlement at Section 3.4(a) and pay the Fund described in Section 3.4(b).

11. The Court orders and enjoins Defendants as follows:

   a. Agreement to Comply with Virginia Law. As of the Effective Date, Defendants directly or through any business or entity of which a Defendant has any management control or ownership, are permanently enjoined from charging annual interest on consumer loans made to Virginians, whether made directly from a physical location in Virginia or over the Internet, in excess of the 12% annual interest prescribed by Virginia Code § 6.2-303(A), without having met the criteria for an exception thereto pursuant to Virginia Code § 6.2-303(B) or other applicable Virginia law. As of the Effective Date, Defendants are permanently enjoined from violating §§ 59.1-200(A)(2), (3), (5) and (14) of the Virginia Consumer Protection Act.

   b. As of the Effective Date, Defendants shall discharge, cancel, release, forgive, and adjust to zero balance any Outstanding Loans belonging to Settlement Class Members. Within sixty (60) days of the Effective Date, Defendants shall notify Settlement Class

Members with Outstanding Loans that their loans have been discharged, canceled, released, forgiven and adjusted to zero balance.

        c.     The Parties agree that the Virginia Western Sky Loans are disputed debts. If judgments were obtained, within sixty (60) days of the Effective Date, Defendants agree to notify the relevant courts that the judgments are satisfied.

        d.     As of the Effective Date, Defendants agree to forbear any sale or transfer of remaining unpaid accounts. Within forty-five (45) days of the Effective Date, Defendants shall provide Class Counsel with a list of Virginia Western Sky Loans sold to third parties and the name and address of the third party to which each such loan was sold, to the extent available.

        e.     Within forty-five (45) days of the Effective Date, Defendants shall contact applicable credit bureaus to request permanent removal of any credit reporting Defendants have made for Virginia Western Sky Loans.

        f.     Within forty-five (45) days of the Effective Date, Defendants shall provide to Class Counsel a verified spreadsheet that includes the following loan account details for each Virginia Borrower: (1) name; (2) last known physical address; (3) last known email address; (4) the social security number of the consumer; (5) the date of birth of the consumer; (6) phone number, if available; (7) principal amount financed/loan proceeds provided to borrower; (8) term of loan in months; (9) total aggregate dollar amount of the monthly payments of principal, interest and fees made.

12.     As of the Effective Date, all Class Members, with the exception of the two that requested exclusion from the settlement, shall be deemed to have fully, finally and forever released and discharged the Released Parties from any and all claims, grievances, suits and causes of action relating to the conduct alleged by the Named Plaintiffs in the Consolidated Class Action Complaint and in this Action and any other conduct relating to Virginia Western Sky

5

loans. This release is described in greater detail in the Stipulation and Agreement of Settlement (ECF No. 185-1).

## ATTORNEYS FEES, COSTS AND SERVICE AWARDS

13. Having considered Plaintiffs' request for an agreed-upon Service Award of $5,000 per each of the five Named Plaintiffs, the Court concludes that the awards are appropriate. No Class Members have objected to the request, and Defendants do not oppose it. Such awards are commonplace in class actions in this District and elsewhere, and the Court finds Plaintiffs have earned it by prosecuting this case, answering discovery, and keeping up-to-date on the case status through conferences with their Counsel. The Court orders this $25,000 payment to be made as set forth in the Stipulation and Agreement of Settlement at Section 3.5.

14. The Court likewise concludes that Plaintiffs' Counsel's requested attorneys' fees and costs award of $2,375,000 is reasonable and should be awarded. The award is to be paid as set forth in the Stipulation and Agreement of Settlement at Section 3.6. No Class Member has objected to the proposed award, and the Defendants do not oppose it. Courts in this District and across the country award amounts in common-fund class actions, and this case is no different.

## DISMISSAL AND JURISDICTION FOR ENFORCEMENT

15. The Court hereby retains jurisdiction over the Parties and the Class to ensure the effective administration of the Settlement.

16. Plaintiffs' claims and those of Class Members are hereby dismissed with prejudice in accordance with the Settlement Agreement.

IT IS SO ORDERED.

6/6/17 /s/
John A. Gibney, Jr.
UNITED STATES DISTRICT JUDGE